## SARAH JARVIS v. COUNTY OF CHASE.

### FILED MARCH 5, 1902.   No. 11,205.

1. **Notice of Appeal.** A notice of appeal, addressed to the county clerk, is served, within the meaning of section 37, chapter 18, article 1, Compiled Statutes, 1901, when it is delivered to such clerk.

2. ———: **DELIVERY: FILING.** The fact that such a notice was delivered to the clerk is a necessary inference from a statement in the record that it was filed with him by the appellant.

ERROR from the district court for Chase county. Tried below before NORRIS, J. *Reversed.*

*Charles W. Meeker,* for plaintiff in error.

*P. W. Scott, contra.*

SULLIVAN, C. J.

This proceeding in error brings up for review a decision of the district court dismissing an appeal taken by Sarah A. Jarvis from an order of the county board of Chase county disallowing a claim to recover back money paid for a tax-sale certificate covering real estate not subject to taxation. The question to be decided is whether the notice of appeal, which is conceded to be jurisdictional, was properly served. The statute provides (Compiled Statutes, 1901, ch. 18, art. 1, sec. 37) that when a claim of any person against a county is disallowed, in whole or in part, the claimant may appeal from the decision of the board to the district court, by causing a written notice to be served on the county clerk within twenty days from the date of the decision, and by executing a bond to the county, conditioned for the faithful prosecution of the appeal and the payment of costs. It also provides (sec. 39) that the clerk, upon such appeal being taken, shall make out and deliver to the clerk of the district court a transcript of the proceedings before the county board, and that the appeal

shall then be entered, tried and determined as are appeals from justices of the peace. It appears from the record before us that the notice of appeal was filed by Jarvis with the county clerk, but it is contended that this did not constitute due service. Notwithstanding the decisions cited by the county attorney, we think it did. The statute requiring notice to be served upon the clerk, must, of course, be substantially complied with; but, since the sole object of the appeal is to enable parties to obtain justice, we see no reason for judging harshly or condemning for trivial faults, the proceeding by which it is sought to transfer the cause to the appellate court. The notice here in question was addressed to the county clerk, and it is entirely certain that it was delivered to him, for he states in the transcript filed in the district court that he filed it and copied it within twenty days after the county board rendered the decision. The notice having been delivered to the county clerk within the time limited by the statute, and the appeal bond having been given and approved, the district court, when the transcript was filed, had jurisdiction of the case, and should have proceeded to a trial on the merits. Rigid interpretation and judicial refinement were carried too far when the court held that the county clerk could receive, file and copy the notice, without being served with it. Delivery was service, and the fact of delivery is a necessary inference from the recitals of the transcript. The supreme court of Minnesota, in *State v. Klitzke*, 46 Minn., 343, went so far as to hold that a notice of appeal addressed to the attorney for the appellee was served upon the clerk of the district court when it was filed in his office. This decision, doubtless, runs counter to the current of authority, but it illustrates the repugnance of courts to listen to mere captious criticism upon the steps taken by a defeated litigant in an effort to obtain a proper adjudication of his rights. The decision of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.