HITCHCOCK COUNTY v. JOHN H. BROWN.

FILED FEBRUARY 9, 1905. No. 13,654.

**County Board:** DISALLOWANCE OF CLAIM: APPEAL. Where an appeal is taken from the order of a board of county commissioners disallowing a claim, and a bond as required by statute is filed with the county clerk within the time allowed, and approved by him, the mere fact that such officer, who is also *ex officio* clerk of the district court of the same county, indorses the approval of the bond as clerk of the district court, is not a sufficient irregularity to defeat the ends of the appeal.

ERROR to the district .court for Hitchcock county: ROBERT C. ORR, JUDGE.  *Affirmed.*

C. W. *Shurtliff* and W. F. *Button,* for plaintiff in error.

A. A. *McCoy* and J. W. *Jones, contra.*

OLDHAM, C.

In September, 1901, a complaint was filed before a justice of the peace of Hitchcock county, Nebraska, charging one Grabaugh with burglary and larceny.  A hearing was had on this complaint before the justice, and the defendant was held to appear at the next term of the district court for said county.  The justice filed a certified transcript of the costs with the clerk of the district court, giving the items of the same and to whom each was due, and on what account; among these items of costs were the fees due the defendant, John H. Brown, as sheriff of Hitchcock county.  The county commissioners proceeded to examine into the bill of costs, and upon such examination, they expressed the opinion that the defendant was only guilty of petit larceny and not of burglary and larceny as charged in the complaint, and for that reason they refused to allow the fees of the sheriff, as there were no funds in the county for paying costs in misdemeanor cases.  From the order disallowing this claim the sheriff served notice of appeal upon the clerk of the county within the time allowed by statute.  He also filed an appeal bond with two sureties, which was approved by the clerk, but in noting the approval of the bond the county clerk of the county, who is *ex officio* clerk of the district court, noted his approval of the bond as "clerk of the district court."  The transcript of the proceedings, however, was certified to by the dual clerk as "county clerk" and the notice was served upon him as clerk of the county.  When the cause was docketed in the district court the county attorney filed a motion to dismiss the appeal because the.

bond had not been approved by the "county clerk." This motion was overruled, and on a trial had to the court, a jury being waived, judgment was entered in favor of the sheriff and against the county for the statutory fees to which the sheriff is entitled in felony cases. To reverse this judgment the county brings error to this court.

The only question urged in the brief of the county is that the district court erred in not dismissing the appeal of the sheriff because his bond appeared to have been approved by the clerk of the district court instead of by the county clerk. It is conceded that the county clerk in Hitchcock county is *ex officio* district clerk of the same county. While it is true that the statute requires that the appeal bond in this class of cases shall be filed with and approved by the county clerk of the county, yet it seems to us that that is just what has been done in this case. It would be running hairsplitting technicality riot for the purpose of defeating meritorious appeals to say that, when a claimant files his bond and notice of appeal with the county clerk, the mere fact that such officer in approving the bond designates himself clerk of the district court is such a substantial variance from the provisions of the statute as to defeat the ends of the appeal. If the clerk had made no notation on the bond and had simply approved it, this is all either the spirit or the letter of the statute authorizing the appeal would have demanded. This view seems to be in harmony with the doctrine announced by this court in the recent case of *Jarvis v. County of Chase*, 64 Neb. 74. In that case a motion to dismiss was urged because the record failed to show proper service of the notice on the county clerk. In disposing of this objection, SULLIVAN, C. J., speaking for the court, said: "The statute requiring notice to be served upon the clerk, must, of course, be substantially complied with; but, since the sole object of the appeal is to enable parties to obtain justice, we see no reason for judging harshly or condemning for trivial faults the proceeding by which it is sought to transfer the cause to the appellate

court. The notice here in question was addressed to the county clerk, and it is entirely certain that it was delivered to him, for he states in the transcript filed in the district court that he filed it and copied it within twenty days after the county board rendered the decision. The notice having been delivered to the county clerk within the time limited by the statute, and the appeal bond having been given and approved, the district court, when the transcript was filed, had jurisdiction of the case, and should have proceeded to a trial on the merits." In the case at bar the record clearly shows that the notice was served in time on the county clerk and that the bond was delivered to him and approved by him. The transcript was certified within the statutory period by the county clerk and it also clearly appears that the appeal stood chin deep in merit.

We therefore recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.