Ms. Annie Snygg, appellant, v. City of Scottsbluff
Police Department, appellee.

266 N. W. 2d 76

Filed May 17, 1978.  No. 41524.

J. L. Zimmerman of Atkins, Ferguson, Hahn, Zimmerman & Hansen, for appellant.

Loren G. Olsson, for appellee.

Paul L. Douglas, Attorney General, and Judy K. Hoffman, for amicus curiae.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding in which Ms. Annie Snygg, the complainant, filed a complaint with the Nebraska Equal Opportunity Commission in which she alleged she had been discriminated against by the respondent, City of Scottsbluff, in that she was denied employment as a police patrolman because of her sex.  The complaint alleged discrimination in employment policies and practices in violation of section 48-1104, R. R. S. 1943.

Pursuant to an order of the commission an evidentiary hearing was held by an examiner who found that the complainant had been discriminated against because of her sex and recommended that she be awarded back pay in the amount of $4,368. The commission adopted the findings and recommendation of the examiner and ordered the respondent to pay $4,368 to the complainant together with attorney's fees in the amount of $1,088.81.

The respondent appealed to the District Court which found that the findings and order of the commission were arbitrary and not supported by a preponderance of the evidence. The order of the commission was reversed and the complaint dismissed. The complainant has appealed to this court.

The assignments of error all relate to the finding of the District Court that the findings and order of the commission were arbitrary and not supported by a preponderance of the evidence. An appeal to the District Court from an order of the commission is governed by section 48-1120, R. R. S. 1943. This section provides that the determination by the District Court shall extend to all questions of law and fact presented by the entire record, and an order of the commission shall not be vacated, modified, or set aside unless the findings of the commission in support of the order are unreasonable or arbitrary or "are not supported by a preponderance of the evidence." The District Court is required to review the entire record, weigh the evidence, and determine what is the preponderance of the evidence. Duffy v. Physicians Mut. Ins. Co., 191 Neb. 233, 214 N. W. 2d 471. The review in the District Court amounts to a trial de novo upon the record.

The Attorney General as amicus curiae suggests that such a provision is unconstitutional under Scott v. State ex rel. Board of Nursing, 196 Neb. 681, 244 N. W. 2d 683, and similar cases. The Scott case is not applicable here because the Equal Opportunity Com-

mission exercises quasi-judicial power as distinguished from legislative power. The Equal Opportunity Commission performs no licensing function but merely determines rights of the parties under the Nebraska Fair Employment Practice Act. In this situation a provision for a de novo review is valid.

The question presented by this appeal is whether the District Court in making an independent evaluation of the evidence could find that the complainant had not proved that she had been discriminated against because of her sex. Stated another way, the judgment must be affirmed unless the evidence was such that it compelled a finding that the complainant had been discriminated against because of her sex.

The record shows the respondent followed the following procedure when a vacancy occurred in the police department. The city manager, who was the appointing authority, would request the civil service commission to certify an eligible list. An appointment to fill the vacancy would then be made from the list certified to the city manager by the civil service commission.

The names which were certified to the city manager on each occasion were taken from another "eligible list" which was compiled by the civil service commission after a competitive examination had been given to applicants. The names on this eligible list consisted of applicants who had passed both a written and an oral examination administered by the civil service commission. Names on this list remained eligible for certification for 1 year from the date the list was established.

The complainant applied for the position of police patrolman on September 15, 1971. A written examination was held on September 18, 1971, and an oral examination on September 27, 1971. At the oral examination the then chief of police, Chief Teal, told

the complainant that he felt there was no place in the Scottsbluff police department for a woman at that time, but asked the complainant to take a position as dispatcher. She accepted a temporary appointment as dispatcher in November 1971. She was still a clerk-dispatcher at the time of her resignation on October 31, 1974. The record does not show the date on which she received a permanent appointment to the position of dispatcher.

James Eckert succeeded Teal as chief of police in Scottsbluff in October 1973.

On October 20, 1973, another examination for the position of police patrolman was held. The complainant took this examination and placed 6th in the group of 16 applicants who took the examination. The 6 high names with their respective scores were McCormick, 98, Rader, 97, Becker, 87, Settles, 85, Braun, 82, and Snygg, 81. All except Braun and Snygg received a veteran's preference of 10 percent. From these six names an eligible list which consisted of Rader, Becker, and Settles was certified to the city manager on November 8, 1973. The city manager appointed Rader who had placed second in the examination.

Another vacancy occurred in July 1974, and an eligible list containing the names of Becker, Settles, and Braun was certified. From this list the city manager appointed Settles.

Effective October 1, 1974, the city received a grant from the Nebraska Commission on Law Enforcement and Criminal Justice to be used to establish two additional positions of patrol officer. Since there would be two appointments to be made the civil service commission was required to certify a list of four names. On the list of the six high names from the October 20, 1973, examination, only the complainant remained as an eligible person who was interested in the position.

An examination was held on October 5, 1974, from

which the civil service commission compiled a new eligible list of eight names. The complainant did not take this examination but she remained eligible on the basis of her score on the October 20, 1973, examination.

To fill the two new positions the civil service commission certified a list of four names which included the complainant. The 4 names and their scores were as follows: Griggs, 99.7; Betancur, 98.7; Boehler, 96.0; Snygg, 81.0. All these scores except the complainant's included a veteran's preference of 10 percent. The record indicates Boehler became disqualified.

The chief of police recommended the appointment of Griggs and Betancur primarily on the basis of their prior experience and training. When the complainant learned of the recommendation from Chief Eckert she resigned from the department the following day.

The evidence which has been summarized was sufficient for the trial court to find that the complainant had not been appointed to the position of police patrolman, not because she was a woman, but because in each instance there had been better qualified applicants available who were eligible for the position.

There is additional evidence, much of which is in dispute, from which varying inferences might be drawn. For example, there was evidence that in a conversation with Officer Lieurance, Chief Eckert had stated that he "would never hire the obese bitch." Eckert testified that he did not recall the conversation and to the best of his knowledge had not made a statement anything like that. The chief did say that he felt the complainant was obese and he was not "extremely optimistic about her chances of a physical." Lieurance testified that Chief Eckert had said that women were useful in a police department; that Eckert had worked with them sat-

isfactorily in St. Louis; and that a lot of outstanding police officers were women.

It is unnecessary to discuss the other evidence because there was nothing in the record which would compel a finding by the District Court that the complainant had been discriminated against because of her sex.

The findings and judgment of the District Court are supported by substantial evidence and must be affirmed.

AFFIRMED.