Robert J. MONNIER, Sr.,

v.

**UNITED STATES DEPARTMENT OF TRANSPORTATION (Federal Highway Administration) and United States of America.**

**No. 73–C–250.**

United States District Court, E. D. Wisconsin.

Feb. 23, 1979.

Arthur B. Nathan, Racine, Wis., for plaintiff.

Joseph P. Stadtmueller, Asst. U. S. Atty., Milwaukee, Wis., Gerald M. Tierney, Trial Atty., Motor Carrier & Highway Safety Law Division, Robert B. Nicholson, Atty., U. S. Dept. of Justice, Washington, D. C., for defendant.

Before FAIRCHILD, Chief Circuit Judge, and GORDON and WARREN, District Judges.

### MEMORANDUM AND ORDER

WARREN, District Judge.

Plaintiff, Robert J. Monnier, Sr., a diabetic, has brought this case to challenge the validity of several motor carrier safety regulations promulgated by the Department of Transportation, which regulations prevent diabetics who require insulin treatment from operating trucks inter-city and inter-state. Both the plaintiff and the defendants have moved for summary judgment stating that the issues in this case can be resolved short of trial.

The plaintiff was employed as an over-the-road teamster until August of 1971, when he was terminated pursuant to section 391.41(3), chapters III, sub-chapter B (Motor Carrier Safety Regulations) of Title 49, U.S.Code (49 CFR sections 391.41). That section provides that, in order to be

qualified, a driver must have "no established history or clinical diagnosis of diabetes mellitus currently requiring insulin for control." Section 391.49 (49 CFR § 391.49) provides a waiver procedure for those drivers with certain disabilities, not including diabetes. Plaintiff asserts that the agency did not hold a proper hearing and that the agency denied him his constitutional rights. Plaintiff also challenges the failure of the agency to allow him the right to apply for, and receive, a waiver of the disqualification via a hearing at which he can show that he is not impaired by his diabetic condition.

Attached to plaintiff's motion for summary judgment as exhibits, and incorporated within plaintiff's briefs, are the statements of several medical doctors who are of the opinion that the affliction of insulin-dependent diabetes mellitus should not be an absolute bar to a person operating as an over-the-road teamster. Based upon these medical opinions, plaintiff attacks the regulation as depriving plaintiff of his constitutional right to due process because the regulation fails to provide exemption for those diabetics who can prove that the malady would not increase their likelihood of having an accident. Although plaintiff originally asserted that five different grounds for relief were available, he has now stipulated to narrow the issue solely to one of whether a violation of due process occurred.

In conjunction with his motion for summary judgment, plaintiff has submitted his own affidavit in which he states that he was originally diagnosed a diabetic in 1965 and that he began taking insulin by injection in that same year. He further states that as a diabetic, he operated a truck over the highways for at least 100,000 miles a year for five years and that during such time he had only two reportable accidents, both of which were minor. Moreover, plaintiff affirms that he has never fainted, gone into a coma, or become otherwise disabled as a result of his diabetes.

In his brief, plaintiff does not attack the Department of Transportation for excluding persons with diabetes mellitus from driving as an over-the-road motor vehicle driver, but instead attacks the Department of Transportation for failure to create an exemption for those persons with diabetes mellitus who can establish that the ailment in no way constitutes a hazard to the person's use of a motor vehicle. Pursuant to this argument, defendant refers the Court to several subparagraphs of 49 CFR section 391.41 in which the Department of Transportation has exercised such discretion and thereby provided exemptions when the driver establishes that his handicap in no way limits his driving ability or potential safety record. Plaintiff relies on the statements of several medical doctors who are self-avowed experts on diabetes, who state that in their opinion an exemption should exist for those drivers with the disease who can establish, through competent medical testing, that in their individual case, the disease is controlled and therefore presents no safety risks. Based upon these statements, the plaintiff argues that it was an abuse of discretion for the Department of Transportation to fail to provide an exemption for drivers with diabetes.

During the course of the proceedings in this case, the Federal Highway Administration decided to review its diabetes rule and therefore, on January 7, 1977, Judge Warren stayed proceedings in this case pending completion of that review. Upon completion of the review, the Federal Highway Administration issued a final decision finding that the rule should not be changed. 42 Fed.Reg. 57488 (November 3, 1977). Based upon case law and the extensive record of the administrative hearings, the government has filed a motion for summary judgment asserting that the agency's decision should be affirmed.

The Seventh Circuit Court of Appeals' recent decision in *Starr v. Federal Aviation Administration,* 589 F.2d 307 (7th Cir. 1978) is persuasive. There the plaintiff was attacking the Federal Aviation Administration's (FAA) Age–60 Rule, which provided that no person over the age of 60 could serve as a pilot in an air carrier for certain operations. In ruling in the case, the court held that it was not "to judge whether

Captain Starr [was] fit to fly." *Id.* at 309. Instead the court examined "whether the FAA may establish an 'exemption' policy" that refuses to allow exemptions for a particular class of persons, *i. e.,* those over sixty. The court characterized the real issue in the case to be whether it was an abuse of discretion for the FAA to deny exemptions for those persons over sixty when it is possible for certain individuals to establish that they have no physical limitations which should preclude them from operating the class of aircraft described by the FAA.

    ▪ The facts in the present case are very similar to those reviewed by the Seventh Circuit Court of Appeals in *Starr, supra.* Plaintiff, Mr. Monnier, may be able to establish that his diabetic condition is so well controlled and so out of the ordinary that his chance of losing consciousness is virtually non-existent. As in *Starr,* our review here is limited to determining whether the Department of Transportation abused its discretion in not granting an exemption for drivers with diabetes. In analyzing the question of whether the Department of Transportation abused its discretion, the Court would note that in certain circumstances a refusal to exercise discretion may itself constitute an abuse of discretion. *Cotonificio Bustese, S.A. v. Morgenthau,* 74 App.D.C. 13, 121 F.2d 884 (1941). In reviewing the agency's action, the test to be applied is whether the Department of Transportation's decision to not provide an exemption was arbitrary or capricious. *See* 5 U.S.C. § 706(2)(A); *American Meat Institute v. Environmental Protection Agency,* 526 F.2d 442 (7th Cir. 1975); *Giancana v. Johnson,* 335 F.2d 372 (7th Cir. 1964). In *Starr* the court, although discussing the statutes applicable to the Federal Aviation Administration, discussed the evidentiary standard which a court should utilize in determining whether the agency's denial of an exemption involved an abuse of discretion. The result should be similar in the present case.

    In *Starr* the court relied upon the case of *Tiger International v. Civil Aeronautics*

*Board,* 554 F.2d 926 (9th Cir.), cert. denied, 434 U.S. 975, 98 S.Ct. 532, 54 L.Ed.2d 467 (1977) for the proposition that the substantial evidence test is unworkable in a denial of exemption case. In analyzing *Tiger International,* the court in *Starr* stated that the substantial evidence standard is unworkable because:

> In proceedings requesting exemptions from a valid agency rule, . . . the bulk of evidence is petitioner's, since you must show that circumstances justify an exemption in his case. And if an agency's decision to grant or deny an exemption were to be judged under a substantial evidence rule, that agency would be forced to defend its standard rule in every exemption proceeding, thus countermanding the whole purpose of a fixed agency rule—to eliminate the need for intensive hearings and factfindings in every case. Thus . . . where no hearing is required (as in an exemption proceeding), the substantial evidence rule is also not necessary. *Starr v. Federal Aviation Administration, supra* at 311.

The Court then went on to define the test to be used stating:

> Under the "arbitrary and capricious test," however, the administrator's discretion is still limited. He is bound by the statutory framework of the program administered by the agency. Thus, a court can review an administrator's decision to insure that he neither included in his analysis factors irrelevant to the congressional purpose of the program he administers, nor ignored factors which Congress has indicated are highly significant. *Id.* at 311.

In reviewing the agency's action in this case, it is important to note that in enacting 49 U.S.C. § 304, the statute granting the Interstate Commerce Commission regulatory authority, Congress granted the Commission authority "to promote the safety of operation and equipment of motor vehicles." 49 U.S.C. § 304(a)(5) and (6). Although the functions under section 304 were originally granted to the Interstate Commerce Commission, in 1966, the author-

ity was transferred to the Secretary of Transportation) 49 U.S.C. § 1655(e)(6)(C)) who in turn delegated them to the Federal Highway Administrator. 49 CFR 1.48(f). The current diabetes rule was originally promulgated on April 22, 1977, based upon an analysis by the Federal Highway Administrator. This rule, effective January 1, 1971, contained the version of 49 CFR § 391.41(d)(3) that is in effect today. Although the Federal Highway Administrator undertook a thorough review of the disease as it applied to over-the-road truck drivers in its original promulgation in 1970, during the course of this case the diabetes rule was fully reconsidered.

Pursuant to this reconsideration, the Administrator published an advanced notice on March 28, 1978, indicating a proposed rule-making, the purpose of which was to examine the basis for the diabetes rule and to determine whether any changes should be made. 42 Fed.Reg. 16452 (1977). In that document, the Federal Highway Administration discussed the manifestations of diabetes and explained the causes of the disease. Furthermore, the various treatments of the condition and the work environment of over-the-road truck drivers was explained. The report concluded with a discussion of the relationship of the disease to the specific work environment of the interstate truck driver and summarized recent studies indicating a significantly higher accident risk for diabetic drivers versus the general public.

After this review, the Federal Highway Administration solicited written comments and data on the following questions:

(1) Should insulin-dependent diabetics be restricted from driving commercial motor vehicles in interstate or foreign commerce?

(2) Should all diabetics be restricted from driving commercial motor vehicles in interstate or foreign commerce?

(3) Should diabetics who are controlling their condition through use of hypoglycemic agents and diet be restricted from driving commercial motor vehicles in interstate or foreign commerce?

\* \* \* \* \* \*

(4) If exemptions are granted in insulin-dependent diabetics, or the rule changed to relax the present standard, what dosage level of insulin can be documented as a cut-off for establishing a minimum medical standard acceptable to highway safety?

(5) Since sulfonyluras (orinase, tolinase, dymelor and diabinese) are more prevalent to "hypoglycemic reactions:" should diabetics using these specific hypoglycemic drugs be restricted from driving commercial motor vehicles in interstate or foreign commerce? 42 Fed.Reg. 16459 (1977).

There were 74 respondents who sent comments in response to the Administration's solicitation for comments on the insulin-dependent diabetic rule. Among those groups responding were representatives of the medical profession, the transportation industry, and union organizations. In the report the Federal Highway Administration reviewed the comments of these respondents and indicated that "approximately one out of three respondents were in this category [representatives of the medical profession, the transportation industry, and union organizations] and a ratio of two to one existed for proponents supporting the present rule as written." 42 Fed.Reg. 57488 (1977). Among the reports received by the Federal Highway Administration were the extensive comments of the American Diabetes Association, an organization devoted to ending employment discrimination for diabetics. In commenting upon section 391.41(b)(3), the American Diabetes Association report stated:

We feel that diabetics should have the same chance as any other person of obtaining and performing work for which he is medically and vocationally qualified. However, we feel that the data available to date, presented in the Federal Register on March 28, 1977, support the present Department of Transportation regulation which prohibits insulin-taking diabetics from operating a commercial motor vehicle in interstate and foreign commerce. 49 Fed.Reg. 57489 (1977).

There were numerous other comments which were of the same nature as the comments submitted by the American Diabetes Association. An example of another group submitting information were individual medical professionals. In analyzing the comments of this group, the Federal Highway Administration stated that: "This category represented approximately 17 percent of the respondents and, as a group, favored relaxation or modification of the present rules. None of the opponents submitted supporting documentation . . ." 49 Fed.Reg. 57490 (1977).

In the report in which the Federal Highway Administration re-evaluated and reaffirmed the rule excluding insulin-dependent diabetics from operating motor vehicles in interstate commerce, the Federal Highway Administration noted the receipt of both supporting and opposing comments. As indicated earlier, the scope of the Court's review is to determine whether the agency's decision was arbitrary and capricious. The Supreme Court has held that in reviewing regulations issued under the Interstate Commerce Act, the statute under which 49 CFR section 391.41(b)(3) was promulgated, "we do not weigh the evidence introduced before the Commission; we do not inquire into the wisdom of the regulations that the Commission promulgates; and we inquire into the soundness of the reasoning by which the Commission reaches its conclusions only to ascertain that the latter are rationally supported." *United States v. Allegheny Ludlum Steel Corporation*, 406 U.S. 742, 749, 92 S.Ct. 1941, 1946, 32 L.Ed.2d 453 (1972).

The Seventh Circuit Court of Appeals has also set forth the scope of inquiry under the arbitrary and capricious standard, and using language similar to that of the Supreme Court, stated:

> This standard requires us to determine whether "the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." We are not to set the effluent limitations ourselves or substitute our judgment for the agency's. Rather,

we are to determine whether the limitations set by the agency are "the result of reasoned decisionmaking." *American Meat Institute v. Environmental Protection Agency*, 526 F.2d 442, 453. (7th Cir. 1975). [citations omitted].

Furthermore, as indicated by the Court's decision in *City of Chicago v. F. P. C.*, 147 U.S.App.D.C. 312, 328, 458 F.2d 731, 747 (1971), cert. denied, 405 U.S. 1074, 92 S.Ct. 1495, 31 L.Ed.2d 808 (1972), a reviewing court in determining whether an agency's rules are rational will not hesitate to give great weight to the judgment of an expert agency on complex scientific questions. Based upon these cases, the question presented to this Court is whether the rule excluding insulin-dependent drivers is rationally based.

■ In addressing this issue, the Court would note at the outset that plaintiff's contention that the Federal Highway Administration erred in holding an adjudicatory hearing is without support. The Supreme Court indicated in *Florida East Coast Railway v. United States*, 410 U.S. 224, 93 S.Ct. 810, 32 L.Ed.2d 682 (1974) that such rulemaking may lawfully be done on a notice and comment basis unless the relevant statute either specifies a hearing "on the record" or otherwise indicates that rulemaking must be formal. The text of 49 U.S.C. § 304 does not speak of hearings "on the record," and there is nothing in the history of the statute or its subsequent interpretation to indicate any Congressional intent that rulemaking be formal.

In viewing the question of whether the diabetes rule is rationally based, this Court is led to review the evidence submitted to the administrative agency. Although there were comments submitted to the Federal Highway Administration recommending a liberalization of the rule, the agency's determination, as indicated by the reports of groups such as the American Diabetes Association, is not without support. Furthermore, in commenting upon the evidence submitted to the Federal Highway Administration, the Administration indicated that the reports of many of the proponents of

the present rule were supported with documentation and as such were given more weight in the final determination. The Administration noted that "In contrast very few of the respondents who supported a relaxation of the current rule directly commented on the data in the Advance Notice of March 1977. Those supporting relaxation also failed to submit any medical reference in support of their position." 42 Fed. Reg. 57491 (1977). Moreover, in the report soliciting comments on 49 CFR section 391.-41(b)(3), the Federal Highway Administration not only discussed the physical manifestations of insulin-dependent diabetes and other forms of diabetes, but in addition discussed and set forth the environment of a commercial truck driver and the physical stresses which could affect the metabolism of a diabetic driver. 42 Fed.Reg. 16454–16458 (1977).

▆ In the final analysis, the Court is of the opinion that the Department of Transportation's rule prohibiting insulin-dependent diabetics from driving commercial vehicles in interstate commerce is not arbitrary and capricious. In its reconsideration of the rule, the Federal Highway Administration was presented with numerous comments which directly and unequivocally support the position of the Department of Transportation's rule prohibiting insulin-dependent diabetic drivers from operating motor vehicles in interstate commerce.

In his legal brief, the plaintiff relies upon the statements of several medical experts who are of the opinion that insulin-dependent diabetics can be sufficiently regulated so that they are capable of driving as an over-the-road truck driver. Plaintiff asserts that he should be permitted to establish his personal qualification to operate a motor vehicle as a commercial driver. Therefore, plaintiff asserts, that he should be entitled to a hearing under principles of due process. In discussing this type of a question in *Starr v. Federal Aviation Administration, supra,* the Court held that if a rule is reasonable, such as we have determined here, then "it is not an abuse of discretion to reject any individual applica-

tion for exemption even if the applicant demonstrates that he personally is a superman . . . ." *Id.* at 312–313.

Here, in light of the extensive reconsideration given by the Federal Highway Administration to the question of the general competency of an insulin-dependent diabetic to drive a motor vehicle in interstate commerce, there is little doubt that the agency's decision is reasonable. Therefore, this Court will not examine plaintiff's personal physical capabilities any further.

▆ Although waived by plaintiff's brief, the Court would note that plaintiff's other contentions are without merit. Plaintiff contends that the diabetes rule is discriminatory because it disqualifies only insulin-dependent diabetics. The test for determining whether the rule is unconstitutionally discriminatory, is whether there is a rational basis for it. *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). As indicated by the evidence presented to the Federal Highway Administration, certain medical authorities were of the opinion that even a well-controlled diabetic could have an insulin reaction and, therefore, lose or have reduced consciousness. Based upon this evidence, there can be little question that there is a rational basis for the limitations of 49 CFR § 391.41(b)(3). Therefore, in light of the broad language of 49 U.S.C. § 304 empowering the Federal Highway Administration to regulate the safety of interstate commerce traffic, and the purpose of the diabetes regulation to protect the public from highway accidents, it is clear to this Court that this regulation is rationally based. Consequently, plaintiff's equal protection argument must fail.

▆ Plaintiff also asserts that the notice provided was improper in that he did not get personal notice. This claim is directly controverted by 5 U.S.C. § 553 which only requires that proposed rulemaking shall be published in the Federal Register. Furthermore, plaintiff's claim that the regulation constitutes an unconstitutional *ex post facto* law is totally without merit. An *ex post facto* law is one that makes criminal

an act already done which was innocent when done. *Dobbert v. Florida*, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). The present regulation is merely prospective in effect and does not impose any punishment for any actions which were lawful when done.

Having determined that the Federal Highway Administration did not abuse its discretion in promulgating 49 CFR § 391.-41(b)(3), the only question remaining is whether defendant is entitled to summary judgment at this time. Under Rule 56(c) of the Federal Rules of Civil Procedure, a court will grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See, *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). Having reviewed the Federal Highway Administration's actions in reconsidering and reaffirming 49 CFR § 391.41(b)(3) and having found that the agency did not abuse its discretion and was not arbitrary and capricious in excluding insulin-dependent diabetic persons from driving motor vehicles in interstate commerce, there is no genuine issue of any material fact thus remaining in this case. Therefore, it is ordered that defendants' motion for summary judgment must be and hereby is granted.

SO ORDERED this 23rd day of February, 1979, at Milwaukee, Wisconsin.