JOHN RICHARD FARMER, APPELLEE, V. RICHMAN GORDMAN STORES, INC., APPELLANT.

278 N. W. 2d 332

Filed May 1, 1979. No. 41947.

George C. Rozmarin of Swarr, May, Smith & Andersen, for appellant.

Thomas F. Dowd, P.C., for appellee.

Heard before KRIVOSHA, C. J., MCCOWN, CLINTON, and WHITE, JJ., and J. KELLY, District Judge.

WHITE, J.

This is an appeal from an order of the District Court for Douglas County affirming a decision of the Nebraska Equal Opportunity Commission that the

appellee, John Richard Farmer, was discriminated against by the appellant, Richman Gordman Stores, Inc., on account of race and color in violation of the Nebraska Fair Employment Practice Act, section 48-1101 et seq., R. R. S. 1943, as amended. We affirm.

Section 48-1104, R. R. S. 1943, amended in 1977, provided in 1973, when this action began, as follows: "It shall be an unlawful employment practice for an employer: (1) * * * to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, disability, or national origin; * * *."

The assignments of error all relate to the findings of the District Court alleging that they were arbitrary and not supported by a preponderance of the evidence. An appeal to the District Court from an order of the Nebraska Equal Opportunity Commission is now governed by section 48-1120, R. S. Supp., 1978. This section provides that the determination by the District Court shall extend to all questions of law and fact presented by the entire record and an order of the commission shall not be vacated, modified, or set aside unless the findings of the commission in support of the order are unreasonable or arbitrary or are not supported by a preponderance of the evidence. "The District Court is required to review the entire record, weigh the evidence, and determine what is the preponderance of the evidence. * * * The review in the District Court amounts to a trial de novo upon the record." Snygg v. City of Scottsbluff Police Dept., 201 Neb. 16, 266 N. W. 2d 76; Duffy v. Physicians Mut. Ins. Co., 191 Neb. 233, 214 N. W. 2d 471.

In overruling Richman Gordman's motion for a new trial, the trial court said: "* * * if I were deciding this case de novo, I think I would probably

find for the defendant, but my review is limited."
Appellant points to this statement as an indication
that the District Court applied an incorrect standard
of review. However, the court went on to say: "I
have decided it on the basis of whether or not the
finding and the judgment of the Commission is sup-
ported by the preponderance of the evidence and
whether or not it is contrary to law. I don't think it
is contrary to law, and I think that it is supported by
the evidence, and that is what I am basing it on."
By the former statement, the court may have been
alluding to the deference owed to the original forum,
which had the opportunity to observe the witnesses
and their manner of testifying. See Tedco Develop-
ment Corp. v. Overland Hills, Inc., 200 Neb. 748, 266
N. W. 2d 56. The latter statement of the District
Court and the following analysis indicates the proper
standard of review was applied.

The evidence most favorable to the appellee's po-
sition indicates that the appellee, a black, was em-
ployed by Richman Gordman Stores, Inc., from July
17, 1965, to May 2, 1973; that for the 6 months prior to
his discharge, the appellee worked at the appellant's
store at 120th and Center Streets in Omaha and prior
thereto worked at the appellant's store at 16th and
Burt Streets.

Eighty percent of the customers at the Burt Street
store were black. The appellee had observed and
expressed concern about the handling of black cus-
tomers by the company's security personnel and had
conducted store meetings where he expressed his
views on the subject. The appellee advised Nelson
Gordman, vice president of operations, of his con-
cern about losing customers if the company's poli-
cies did not improve relative to race relations. One
week thereafter the appellee was summoned to a
meeting and the president suggested that Farmer
consider a transfer to the 120th Street store. The ap-
pellee accepted.

The appellee was a member of the Marine Corps Reserve and was required, under his Reserve obligation, to attend monthly scheduled weekend Reserve functions. It was his absence on Sunday, April 29, 1973, that lead to his discharge. Both parties agree there was no actual Reserve commitment on that day.

According to the evidence of the appellee, he told store manager Lund on the previous Monday that he would be unable to work on Saturday, April 28, due to a Reserve commitment. At this time appellee offered to work on Sunday, his scheduled day off, instead of Saturday, but Lund informed him that they had ample management personnel to work over the weekend as Sunday would be slow considering it was a week after the Easter weekend. The appellee was therefore not scheduled to work on either Saturday or Sunday, April 28 or 29. This evidence was disputed by Lund. According to Lund, complainant did not indicate that he only needed Saturday off. Mr. Lund understood that appellee was required to be absent both days, otherwise he should have merely arranged a trade of Saturday for Sunday, appellee's normal day off. Mr. Lund received information from an unidentified employee that she had seen Farmer at a place in the city of Omaha under circumstances indicating he was not attending a Reserve function on Sunday.

On May 2, after concluding that no Reserve function had taken place on Sunday, April 29, personnel manager Simon summoned the appellee into his office at which time he terminated the appellee's employment and gave him his paycheck stating that negotiations had come to an end relative to the placement of Farmer with the Richman Gordman Stores, Inc.

In order to show that Farmer's dismissal was not race related, appellant presented examples of two Caucasian managerial employees who had been re-

leased for misrepresentation of the need for time off. Appellant admitted, however, that those employees had been given a chance to explain or deny their misrepresentations prior to dismissal. Although it is strongly disputed by the appellant, there is evidence that the same opportunity was not given to the appellee. According to Farmer, he was not advised of the reason for his discharge and thus was denied the opportunity of explaining his absences the weekend of April 28 and 29 or the details of the work schedule per his alleged discussion with store manager Lund on the preceding Monday.

On the basis of this evidence, the District Court found that the order of the commission finding the discharge was based on racial matters was not arbitrary or capricious and we agree. We do not try the facts again. The District Court was under the obligation to try the case de novo to determine whether there was substantial evidence on which to base the order. It found there was. The judgment of the trial court is therefore affirmed. The appellee is allowed a fee of $500 for services in this court.

AFFIRMED.