RANGER DIVISION, RYDER TRUCK LINES, INC.,
APPELLANT AND CROSS-APPELLEE, V. FLOYD E. BAYNE,
APPELLEE AND CROSS-APPELLANT.

333 N.W.2d 891

Filed May 6, 1983.   No. 82-038.

Peter Reed Corbin and Cindy L. Anderson of Corbin & Dickinson, and David R. Buntain of Cline, Williams, Wright, Johnson & Oldfather, for appellant.

Murphy, Pederson, Piccolo & Anderson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and COLWELL, D.J., Retired.

CAPORALE, J.

Appellant, Ranger Division, Ryder Truck Lines, Inc. (Ranger), seeks to reverse the order of the District Court affirming the final order of the Nebraska Equal Opportunity Commission (Commission) which found that Ranger had discriminated against appellee, Floyd E. Bayne. Bayne cross-appeals, asserting, on the one hand, that the District Court lacked jurisdiction and, on the other hand, that it should have awarded him an attorney fee.

Ranger contends the District Court erred by (1) holding that the Federal Motor Carrier Safety Regulations do not provide a per se bona fide occupational qualification defense for it as an interstate carrier subject to regulation by the U.S. Department of Transportation, Federal Highway Administration (DOT), and (2) holding that Ranger's reliance on the Federal Motor Carrier Safety Regulations was not a rational basis in fact for its refusal to employ Bayne.

We agree with Ranger's argument in connection with its first assignment of error, reverse the order of the District Court, and dismiss Bayne's cross-appeal.

We address first the cross-appeal. Bayne complains that since he did not personally receive a copy of the petition on appeal to the District Court, but rather a copy was sent to his attorney of record before the Commission, he was not notified of the commencement of the appeal as allegedly required by the applicable statute, Neb. Rev. Stat. § 48-1120(2) (Reissue 1978). That subsection of the statute provides: "(2) Such proceeding shall be initiated by the filing of a petition in such court, together with a transcript of the record upon the hearing before the commission and the service of a copy of such petition upon the commission and upon all parties who appeared at the hearing. Thereupon the court shall have jurisdiction of the proceeding and of the question determined therein." The statute

prima facie requires service of a copy of the petition upon the appropriate parties. It does not require any particular form of service of such petition. Therefore, since the requisite petition was served on appellee's attorney by mail, as provided for in Neb. Rev. Stat. § 25-534 (Reissue 1979), substantial compliance was had with § 48-1120(2). Bayne proposes an ingenious argument, but one without substance, to the effect that he had no attorney of record in the District Court at the relevant time, since the petition constituted the first entry of the case into that court. This may be true in a limited technical sense, but in no way was Bayne or his attorney without a full awareness of the fact that the case was being appealed to the District Court, as routinely provided for in § 48-1120(2). "The statute requiring notice to be served . . . must, of course, be substantially complied with; but, since the sole object of the appeal is to enable parties to obtain justice, we see no reason for judging harshly or condemning for trivial faults, the proceeding by which it is sought to transfer the cause to the appellate court." *Jarvis v. Chase County*, 64 Neb. 74, 75, 89 N.W. 624, 625 (1902). Since we find that the District Court's order must be reversed, we need not consider the question as to the nonallowance of an attorney fee.

We now turn to Ranger's appeal. This court does not try the facts and will not disturb the District Court's findings on review of a commission order if the District Court's findings are supported by substantial evidence. *Farmer v. Richman Gordman Stores, Inc.*, 203 Neb. 222, 278 N.W.2d 332 (1979); *Snygg v. City of Scottsbluff Police Dept.*, 201 Neb. 16, 266 N.W.2d 76 (1978); *Duffy v. Physicians Mut. Ins. Co.*, 191 Neb. 233, 214 N.W.2d 471 (1974). However, this court has the obligation to reach independent conclusions with respect to questions of law. See *Phelps County Savings Co. v. Dept. of Banking & Finance*, 211 Neb. 683, 320 N.W.2d 99 (1982), holding that, on remand, an administrative agency, although

it may enforce legislative policy committed to it, must follow the court's determinations as to questions of law. See, also, *The 20's, Inc. v. Nebraska Liquor Control Commission*, 190 Neb. 761, 212 N.W.2d 344 (1973), indicating that questions of law in administrative matters are for the court.

The relevant stipulated facts are that Ranger is an interstate motor carrier transporting special commodity freight. As such it is subject to regulation by DOT, including 49 C.F.R. § 391.41 (1978), which provides: "(a) A person shall not drive a motor vehicle unless he is physically qualified to do so and, except as provided in § 391.67, has on his person the original, or a photographic copy, of a medical examiner's certificate that he is physically qualified to drive a motor vehicle.

"(b) A person is physically qualified to drive a motor vehicle if he -

"(1) Has no loss of a foot, a leg, a hand, or an arm, or has been granted a waiver pursuant to § 391.49;

"(2) Has no impairment of the use of a foot, a leg, a hand, fingers, or an arm, and no other structural defect or limitation, which is likely to interfere with his ability to control and safely drive a motor vehicle, or has been granted a waiver pursuant to § 391.49 upon a determination that the impairment will not interfere with his ability to control and safely drive a motor vehicle."

Bayne had, due to an accident in November of 1949, lost part of his thumb and all of the fingers of his right hand. He nonetheless worked as a driver for a number of employers from 1952 through 1977 and had a good safety record. On January 16, 1978, he applied for employment with Ranger at its Omaha terminal. A physician examining Bayne on behalf of Ranger first certified him as qualified for employment as a driver, but later stated in a letter that she had not been aware of the pertinent regulation set forth above and that in view of that regulation Bayne was in fact not qualified. Two other

physicians wrote that Bayne was qualified, as the disability, in their opinion, did not interfere with his ability to operate a motor vehicle. Bayne has never sought to obtain a waiver under the provisions of 49 C.F.R. § 391.49 (1978) and related regulations. His contention is that his disability does not impair his ability to control and safely operate a motor vehicle and that that alone is the determining factor.

Neb. Rev. Stat. § 48-1104 (Reissue 1978) provides that it is an unlawful employment practice for an employer to refuse to hire or otherwise discriminate against an individual because of such individual's disability. Neb. Rev. Stat. § 48-1111 (Reissue 1978) provides, however, that denial of employment when a disability reasonably precludes the performance of particular employment is not an unlawful employment practice. There is no evidence in the record before us that Bayne's disability in fact renders him unable to perform the employment he sought. The threshold question, therefore, becomes whether the language of § 391.41, absent a waiver, constitutes a per se bona fide occupational qualification and whether, if so, it provides a defense to an action brought against Ranger under the statutes of this state.

The second portion of that question is readily answered, as the parties have stipulated that Ranger is a regulated interstate carrier. It is true that the federal government has not undertaken to preempt, under the supremacy clause (article VI, cl. 2) of the U.S. Constitution, the right of the several states to legislate in the area of discriminatory employment practices. 42 U.S.C. § 2000e-7 (1976). It is further true that the federal government's power under article I, § 8, cl. 3, of the U.S. Constitution to regulate commerce among the states does not exclude all state regulation of the subject. *Merrill Lynch, Pierce, Fenner & Smith v. Ware*, 414 U.S. 117, 94 S. Ct. 383, 38 L. Ed. 2d 348 (1973). Nonetheless, *Morris v. McComb*, 332 U.S. 422, 68 S. Ct. 131, 92

L. Ed. 44 (1947), instructs us that the federal government has the power to establish qualifications with respect to drivers employed by an interstate carrier. Where there exists a direct conflict between state and federal action affecting interstate commerce, state power must yield to federal power. See *United Workers v. Laburnum Corp.*, 347 U.S. 656, 74 S. Ct. 833, 98 L. Ed. 1025 (1954).

Although we have found no judicial construction of § 391.41 in the context of the present inquiry, and counsel have directed us to none, we find the following two cases helpful. Although the employer in *Boynton Cab Co. v. ILHR Department*, 96 Wis. 2d 396, 291 N.W.2d 850 (1980), was not subject to DOT's regulations, the court nonetheless found its refusal to hire a one-handed driver in reliance upon § 391.41, in light of its safety obligations as a common carrier, to be justified. That court interpreted the subject regulation as providing, in essence, that a person is not physically qualified to drive a motor vehicle carrying passengers for a motor carrier engaged in interstate commerce if that person lacks the use of a hand or arm. *Monnier v. United States Dept. of Transp.*, 465 F. Supp. 718 (E.D. Wis. 1979), held that a DOT regulation which prohibited an insulin-dependent diabetic from driving commercial vehicles in interstate commerce was not arbitrary and capricious, and, therefore, one aggrieved thereby was not entitled to a due process hearing to show his personal qualification to the contrary. We, as did the Wisconsin Supreme Court, read § 391.41, absent a waiver, as constituting a per se disqualification for Bayne.

That conclusion, when coupled with the fact that, as discussed above, Ranger is subject to § 391.41, mandates a finding that the regulation constitutes a valid defense for Ranger to the complaint filed against it under the statutes of this state.

Having reached that result, we need not address Ranger's second assignment of error. The order of

the District Court affirming the final order of the Commission is reversed.

REVERSED.

KRIVOSHA, C.J., dissenting.

I must respectfully dissent from that portion of the majority's opinion which makes Bayne's physical condition a per se defense. In doing so I believe we have redrafted the language of both Neb. Rev. Stat. § 48-1111 (Reissue 1978) and 49 C.F.R. § 391.41 (1978). It is not the absence of a digit which makes one ineligible to drive, but the driver's inability to control and safely drive a vehicle because of the absence of a digit. That must, in each case, be a fact decision which in the first instance the employer should be required to investigate. The finders of fact in this case found that Bayne was not unable to safely operate a motor vehicle. We should not disturb that finding by making Bayne's physical condition a per se defense.

I am authorized to state that White, J., joins in this dissent.