NEBRASKA PUBLIC POWER DISTRICT, A PUBLIC CORPORATION AND POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA, APPELLANT, V. KATHIE LACY, APPELLEE.

339 N.W.2d 286

Filed October 21, 1983. No. 82-709.

John R. McPhail, and Barlow, Johnson, DeMars & Flodman, for appellant.

Paul E. Hofmeister of Van Steenberg, Brower, Chaloupka, Mullin & Holyoke, for appellee.

KRIVOSHA, C.J., HASTINGS, CAPORALE, and GRANT, JJ., and BRODKEY, J., Retired.

KRIVOSHA, C.J.

The appellant, Nebraska Public Power District

(NPPD), appeals from a judgment entered by the District Court for Platte County, Nebraska, affirming an order earlier entered by the Nebraska Equal Opportunity Commission. The commission had found that NPPD had violated § 48-1104(1) and (2) of the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 48-1101 to 48-1125 (Reissue 1978), when it failed to hire the appellee, Kathie Lacy. We believe that the District Court was in error, and we therefore reverse and dismiss the complaint.

Before turning to the facts of the case, we believe it helpful to consider the standard of review to be applied by both the District Court and this court. Under the provisions of § 48-1120 an appeal may be taken from an order entered by the Equal Opportunity Commission to the appropriate District Court. The District Court, after considering the evidence presented before the commission, is to affirm the action of the commission unless "[t]he findings of the commission in support of such order are unreasonable or arbitrary or are not supported by a preponderance of the evidence." § 48-1120(3)(b). See, also, *Snygg v. City of Scottsbluff Police Dept.*, 201 Neb. 16, 266 N.W.2d 76 (1978). On appeal to the Supreme Court the judgment of the District Court is to be affirmed if it is supported by substantial evidence. See *Snygg v. City of Scottsbluff Police Dept., supra.*

Lacy initiated this action by filing a complaint with the Equal Opportunity Commission, alleging that NPPD had violated § 48-1104(1) and (2) of the Nebraska Fair Employment Practice Act by refusing to hire her because of her sex. Section 48-1104 makes it unlawful for an employer "(1) To fail or refuse to hire . . . any individual . . . because of such individual's . . . sex . . . ." Therefore, in order for Lacy to recover in this action, based upon the claim as she presented it, she must prove by a preponderance of the evidence that NPPD refused to hire her because of her sex. Moreover, we have

held previously that in order to sustain a charge of discrimination where there is no charge of a universal discriminatory practice or system, the complainant must establish that the employer intentionally engaged in acts that discriminated against the complainant in violation of the statutory prohibition. See, *American Stores v. Jordan*, 213 Neb. 213, 328 N.W.2d 756 (1982); *Duffy v. Physicians Mut. Ins. Co.*, 191 Neb. 233, 214 N.W.2d 471 (1974).

The facts in this case disclose that on June 18, 1979, Lacy filed an employment application with NPPD at its Scottsbluff plant in connection with Lacy's desire to obtain employment with NPPD as a "utility maintenance man." NPPD maintains that at the time the application was filed there was then in effect a hiring freeze which was shortly thereafter lifted. The record further discloses that NPPD did not interview Lacy but, instead, transferred an existing NPPD employee into the job. Lacy was interviewed subsequently for a second opening as utility maintenance person but, again, was not hired for that position.

The commission limited its findings with respect to the first job opening and specifically disregarded Lacy's complaint with regard to the second opening. Lacy did not appeal from that decision, and the parties at oral argument conceded that the matter was not relevant to the review either by the District Court, in the first instance, or by this court on appeal in this case. Our review of the evidence is limited to those matters relating to the first job opening for which Lacy was not hired, which she claims constituted a violation of § 48-1104(1) and (2).

The only evidence in the record is that Lacy was not interviewed for a job for which she had applied and which was instead given to an individual already employed by NPPD. Lacy argues that this shows an intent to discriminate. Otherwise, she claims, she would have been interviewed. We know of no rule of law, nor has any been cited to us, which

provides that an employer must interview all persons who file applications with the employer. Furthermore, there is no evidence in the record that, prior to transferring an existing employee of NPPD to the position, Lacy's application was not in fact reviewed. Lacy claims it was not, but NPPD denies it.

In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), the U.S. Supreme Court, in reviewing the federal act which is similar to the Nebraska act involved in this appeal, held that a complainant had the initial burden of proof in showing a prima facie case of employment discrimination before the employer was required to go forward with its proof. There is simply insufficient evidence in this record from which one may conclude that Lacy has sustained her burden by a preponderance of the evidence. All that she has established is that she was not hired for the job she sought. No one argues that the employee transferred was less qualified for the job or otherwise improperly selected.

While the purpose of the act, as stated in § 48-1101, is to establish a policy by the state to foster the employment of all employable persons, regardless of race, color, religion, sex, disability, or national origin, a purpose which is laudable, the act further provides in § 48-1101: "The policy of this state does not require any person to employ an applicant for employment because of his race, color, religion, sex, disability, or national origin; and the policy of this state does not require any employer, employment agency, labor organization, or joint labor-management committee to grant preferential treatment to any individual or to any group because of race, color, religion, sex, disability, or national origin." The most that can be said from the record in this case is that Lacy was not employed for the job she sought and that she is a woman. This is not sufficient to establish by a preponderance of the evi-

dence a violation of the Nebraska Fair Employment Practice Act as set forth in § 48-1104, and certainly does not establish by a preponderance of the evidence an intentional act on the part of NPPD to discriminate. For this reason the court is required to reverse the action of the District Court affirming the commission's order, and to dismiss the complaint.

REVERSED AND DISMISSED.