MELANIE HINZMAN, APPELLANT, V. RICHMAN GORDMAN STORES, INC., A NEBRASKA CORPORATION, APPELLEE.

367 N.W.2d 131

Filed May 10, 1985.   No. 84-114.

Tom F. Wilson of Rosenberg & Taute, for appellant.

James C. Zalewski and Mark M. Schorr of Alaniz, Bruckner & Sykes, for appellee.

KRIVOSHA, C.J., WHITE, and GRANT, JJ., and BRODKEY, J., Retired, and WOLF, D.J.

WOLF, D.J.

This is an appeal from an order of the district court for Lancaster County, Nebraska, reversing, vacating, and setting aside the final order of the Nebraska Equal Opportunity Commission.

Appellant, Melanie Hinzman, commenced employment for the appellee on March 28, 1979, as a security officer or loss prevention officer. Her duties were the detection of and apprehension of shoplifters and employee surveillance. At the time of her initial employment, she was single. On August 2, 1980, she was married. Sometime prior to October 1980, she advised her supervisor that she thought she might be pregnant. This was confirmed by her physician, and her physician gave her written authority to continue her employment during pregnancy. The appellant was terminated as an employee on January 8, 1981, resulting in the appellant's filing a complaint with the Nebraska Equal Opportunity Commission alleging sex discrimination.

Hearing was held before a hearing examiner on December 9,

1982. The hearing examiner filed his recommended order and decision with the Nebraska Equal Opportunity Commission on April 18, 1983, finding that the appellant had "satisfactorily proved" that the reasons for her termination were in fact pretextual for terminating her employment with the appellee solely on the grounds of her pregnancy and that such conduct on the part of the employer was intentional. The hearing examiner recommended an order and finding by the Nebraska Equal Opportunity Commission that the appellant recover from the employer wages in the amount of $19,256.24, less $35 interim earnings.

On June 10, 1983, after reviewing the recommended order and decision of the hearing examiner, the Nebraska Equal Opportunity Commission issued a final order accepting in total the recommended order and decision of the hearing examiner, and issued said recommended order as the final order of the commission.

Appeal from that final order to the district court for Lancaster County resulted in an order of that court dated January 10, 1984, reversing, vacating, and setting aside the order and judgment of the Nebraska Equal Opportunity Commission.

A review of the evidence presented to the hearing examiner discloses that the employer based its termination of the appellant upon her violation of published policies or procedures and instructions of her supervisors. The evidence strongly supports a finding that the three-step process requiring, first, an oral warning, followed by a separate written warning, followed by a termination, was adhered to by the employer. Appellant received oral warning on October 27, 1980, for being in the office doing paperwork when she had been instructed to be on the floor for surveillance. She received a written warning on December 15, 1980, for leaving $30,000 worth of jewelry unattended on top of a desk. The termination on January 8, 1981, was based on her continuing failure to punch out on the timeclock for lunch break, despite several prior reminders. The violations are not disputed by the appellant, but the appellant suggests that her treatment by the employer and the attitude toward her after pregnancy was

different than prior to her pregnancy. The evidence does not support those theories, nor does it give any support to the charge raised by the appellant that she was harassed by her supervisors or fellow employees.

The appellant, in her brief to this court, raises as her sole assignment of error "The Court erred in determining that the findings of the Nebraska Equal Opportunity Commission were not supported by a preponderance of the evidence."

The appellant is mistaken as to the standard of review of decisions of the Nebraska Equal Opportunity Commission. Neb. Rev. Stat. § 48-1120 (Reissue 1984) relates to an appeal by a party to the district court from an order of the commission, and reads in part as follows:

> (3) The evidence presented before the commission as reported by its official stenographer and reduced to writing, shall be duly certified to by the stenographer and the chairperson of the commission as the true bill of exceptions, which, together with the pleadings and filings duly certified in the case under the seal of the commission, shall constitute the complete record and the evidence upon which the case shall be presented to the district court. The determination of the case by the district court shall extend to all questions of law and fact presented by the entire record before it. The commission's orders shall not be vacated, modified, or set aside unless: (a) Such order is prohibited by the provisions of sections 48-1101 to 48-1125, or in violation of constitutional rights, or otherwise contrary to law; or (b) The findings of the commission in support of such order are unreasonable or arbitrary or are not supported by a preponderance of the evidence.

This court has previously determined that the standard of review by the district court is by trial de novo upon the record. *Zalkins Peerless Co. v. Nebraska Equal Opp. Comm.*, 217 Neb. 289, 348 N.W.2d 846 (1984); *Snygg v. City of Scottsbluff Police Dept.*, 201 Neb. 16, 266 N.W.2d 76 (1978).

Similarly, this court has previously determined that on appeal of review by the district court of an order of the

Nebraska Equal Opportunity Commission, this court will not disturb the district court's findings if they are supported by substantial evidence. *Zalkins Peerless Co. v. Nebraska Equal Opp. Comm., supra; Snygg v. City of Scottsbluff Police Dept., supra.*

From the record we find that there is substantial evidence in support of the findings and order of the district court. The appellant had not met her burden to prove by a preponderance of the evidence that the reasons for termination as articulated by the employer were pretextual in nature. The record does not support a finding that the employer engaged in discriminatory practices against the appellant or subjected her to disparate treatment for any reason relating to her sex, her pregnancy, or her decision not to take voluntary maternity leave.

Simply stated, the fact of her pregnancy does not suspend the appellant from usual nondiscriminatory employment policies and procedures.

The order of the district court is affirmed.

AFFIRMED.