EDNA MCCONNELL ET AL., EXECUTRIX AND EXECUTOR, AP-
PELLANTS, V. MCCOOK NATIONAL BANK: MRS. C. T. RADER
ET AL., INTERVENERS, APPELLEES.

6 N. W. (2d) 599

FILED DECEMBER 4, 1942. No. 31440.

*O. B. Clark* and *L. H. Cheney*, for appellants.

*Joseph T. Callahan* and *Cordeal, Colfer & Russell*, con-
tra.

Heard before SIMMONS, C. J., EBERLY, CARTER, MESS-
MORE and YEAGER, JJ.

SIMMONS, C. J.

This is an action to determine who is entitled to the pro-
ceeds of a certificate of deposit issued by defendant bank.
Mrs. C. T. Rader and Ernest Fowler were interpleaded on
the application of the bank. At the close of all the evidence
plaintiffs and interveners moved separately for a directed
verdict. The trial court directed a verdict for the inter-
pleaders. Plaintiffs appeal.

The plaintiffs are the executrix and executor of the es-
tate of Maude McMillen. On October 1, 1940, the defend-

ant bank issued its certificate of deposit reciting that Mrs. Maude McMillen had deposited $1,000 in its bank, "Payable to the order of self or Mrs. C. T. Rader and Ernest Fowler," payable in six months after date on the return of the certificate properly indorsed. Mrs. McMillen died April 4, 1941. The certificate was found among her possessions. Plaintiffs demanded payment, and when it was refused, suit was brought. The bank took the position that it was only a stakeholder. The interveners took the position that from the issuance of the certificate they were joint tenants thereof with Mrs. McMillen with right of survivorship and that upon her death they became the owners of the certificate and entitled to the proceeds.

Plaintiffs' evidence was that the certificate was found in Mrs. McMillen's papers after her death, the demand for and the refusal of payment. Interveners offered evidence that they were niece and nephew of Mrs. McMillen; that Mrs. McMillen had had other certificates prior to this one with varying payee provisions which she indorsed and cashed. The president of the bank testified that where a certificate was issued payable to one person "or" another that either could properly indorse and cash it. He further testified, with reference to the certificate in suit, that the bank would not have paid it to Mrs. Rader or Mr. Fowler in Mrs. McMillen's lifetime except upon her request. Interveners also offered evidence, received over objection, to the effect that Mrs. McMillen had, shortly before her death, expressed a desire that the certificate be then given to Mrs. Rader expressing confidence that Mrs. Rader would give Mr. Fowler his share, but she issued no positive directions to that effect. In any event it was not done.

Are the interveners entitled to recover this fund?

Plaintiffs argue (1) that none of the conditions necessary to constitute or effectuate a gift are found in this record, (2) in the absence of statute the deposit by Mrs. McMillen of her own funds payable to herself or interveners was not sufficient to transfer to them any right or interest in the deposit where the interveners neither had

knowledge of or possssion of the certificate, (3) statutes providing that under certain terms of deposit the persons named as payees will hold by joint tenancy with rights of survivorship are in derogation of the common law and to be strictly construed, and (4) that a deposit payable to the depositor "or" another without provision for survivorship is not within the statute and title to the funds does not pass to the alternate payee.

Plaintiffs in support of their proposition refer to section 8-164, Comp. St. 1929, and cite many cases from other jurisdictions. Interveners rely on the statute and our decisions.

The statute is: "When a deposit in any bank in this state is made in the name of two or more persons, deliverable or payable to either or to their survivor or survivors, such deposit or any part thereof, or increase thereof, may be delivered or paid to either of said persons or to the survivor or survivors in due course of business." Comp. St. 1929, sec. 8-164.

*In re Estate of Kamrath*, 114 Neb. 230, 206 N. W. 770, involved a certificate payable to "Wilhelm Kamrath or Mary Hodges." The case was determined upon the issues and facts presented, one of which was the question of whether or not there had been a gift. The above statute was not considered nor construed in the opinion.

*In re Estate of Johnson*, 116 Neb. 686, 218 N. W. 739, involved certificates issued on deposits made by Carl M. Johnson, some of which were payable "to the order of self or Margaret E. Johnson." Margaret E. Johnson and Carl M. Johnson were wife and husband. There, as here, the contest was between the survivor and the estate of Johnson. The certificates were placed by Johnson in his safety deposit box where they remained until his death. His wife had access to the keys to the box but never entered it. Johnson told her of the certificates and where they were. We there considered whether the certificates belonged solely to Mrs. Johnson as survivor, either (1) by way of gift, or (2) as a joint tenant with right of survivorship, or (3)

by virtue of the provisions of section 8046, Comp. St. 1922 (now section 8-164, Comp. St. 1929). It was held as to (1) that there was "a completed, executed gift;" as to (2) that "an interest in the nature of a joint tenancy with the attendant right of survivorship" was created; as to (3) that, "when Johnson made the deposit payable to himself or to his wife, he must have known, and so he presumed, that the bank would pay the obligation to either himself or his wife, and to no other person. We must assume that he knew of the statute, and that the bank would follow its provisions. We think the legislature must also have had that exact thought in mind when it enacted the law. We, therefore, hold that the legal title to the funds is fixed in the persons named in the certificates, and that the survivor, if one dies, takes the whole legal title." Not discussed in the opinion, but based on propositions advanced in supplemental briefs, is the statement found in the fourth paragraph of the syllabus that the statute "not only is intended for the protection of the bank, but also fixed the property right of the persons named, unless the contrary appears from the terms of the deposit."

The statute was again considered by this court in *Kehl v. Omaha Nat. Bank,* 126 Neb. 695, 254 N. W. 397. In that case there was an agreement with reference to the deposit that the persons named (husband and wife) were the owners of the moneys deposited in the account "as joint tenants with the right of survivorship and not as tenants in common." We there reviewed the *Johnson* case, *supra,* stated we there held "a donative intent was presumed," and also incorporated in the opinion the syllabus statement above referred to from the Johnson opinion.

It is clear from our decisions in construing this statute that we have held: (1) The act is intended for the protection of the bank; (2) it fixes the property rights of the persons named, unless the contrary appears from the terms of the deposit; (3) that, when a deposit is made in a bank payable to either of two or more persons, either expressly as joint tenants with right of survivorship or without

those qualifying words, upon the death of one of the payees the deposit is payable to the survivor or survivors of those named in the deposit.

The two decided cases deal with named payees who are husband and wife. In the instant case it is aunt and niece and nephew. Certain parts of the discussion in the opinions cited might indicate that the close relationship of the payees was a determining element in the conclusion reached. The statute makes no such limitation and embraces in its terms two or more persons, without regard to their relationship. The legislature has left to the depositor the determination of who shall receive the benefits of the act.

This statute was originally passed as an independent act, the title being "An act to provide for the payment of money deposited in the name of two or more persons in any bank, to either of said persons or to the survivor or survivors and to repeal all conflicting acts." Laws 1909, ch. 9.

We have said that, "When the legislative intent is left in doubt by failure to clearly express it in the act, resort may be had to the title as an aid to the discovery of such intent." *Hansen v. Dakota County*, 135 Neb. 582, 283 N. W. 217. It is noted that the title of the act refers to "money deposited in the name of two or more persons" without qualifying words and provides for the payment of such money "to either of said persons or to the survivor or survivors."

The construction which we have placed upon the act appears to be entirely consistent with the legislative intent as expressed in the title of the act and the act itself.

We are now asked to modify our decisions and hold that a deposit payable to one person "or" another without words of joint tenancy or right of survivorship is not within the provisions of the statute. To so hold would require us to overrule the *Johnson* case.

In that case, decided 14 years ago, we expressed our views of the legislative intent. We reiterated that state-

ment in the *Kehl* case eight years ago. We see no error in the conclusions announced in those cases. We feel that the legislature intended by this act to get away from the "confusion, contradiction and perplexing distinctions" and the uncertainties, resulting in such transactions, occasioned by the judicial opinions in the various states on this subject. The legislature passed an act which we have construed. Our construction has not been since questioned by the legislature. The construction which we have placed upon the act has been accepted and followed by banks in their dealings with depositors and by depositors in their dealings with the banks, each other, and in their handling and disposing of their funds. That construction has become a rule of property in this state.

The judgment of the district court is affirmed.

AFFIRMED.