ORILLA E. SHELDON, EXECUTRIX OF THE ESTATE OF LILLIE M. SCHNEIDER, DECEASED, APPELLEE, V. SANDRA WATKINS, APPELLANT, IMPLEADED WITH ORILLA E. SHELDON ET AL., APPELLEES.

198 N. W. 2d 455

Filed June 9, 1972. No. 38363.

Nate C. Holman and Brian Watkins, for appellant.

Charles S. Reed and Bernard T. Pipher, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This is an action for a declaratory judgment by the plaintiff as executrix of the estate of Lillie M. Schneider against the defendant Sandra Watkins, a granddaughter of the decedent. The purpose of the action is to have declared illegal and void certain donative transfers made by the decedent in her lifetime to the above-named defendant. Two items of property are involved. The first is a Cadillac automobile, title to which was transferred by the decedent naming the defendant coowner with right of survivorship in the certificate of title. The decedent also named defendant as joint owner of a certificate of deposit in the amount of $20,000. The automobile and the certificate of deposit were delivered to defendant during the lifetime of the decedent. The defendants other than Sandra Watkins are the daughters and heirs-at-law of the decedent and the beneficiaries named in her will.

The petition in addition to declaratory relief prayed for the return of the property or a money judgment. The foundation of the plaintiff's claim as alleged in the petition is that the decedent and her predeceased husband, John Schneider, "by the execution of a joint and severable (sic) Will . . . entered into an irrevocable mutual agreement whereby they mutually agreed that the sur-

vivor would make no disposition of their property or the property of the survivor of them, contrary to the provisions of the Will."

A jury was waived and the cause tried by the court upon a stipulation of facts entered into by the parties and certain documentary evidence on which foundation was waived. The stipulation includes an admission by the plaintiff: "That almost all property owned by John Schneider and Lillie M. Schneider, at the time of the death of John Schneider, was owned jointly by John Schneider and Lillie M. Schneider; that this included a bank account at the Bank of Valley, Valley, Nebraska, the real estate on which the parties resided and the Cadillac automobile described in plaintiff's petition which were owned by them as joint tenants with right of survivorship." Included in the evidence is the inventory of the estate of John Schneider. All the property described in the inventory save the household goods is stated therein to be held in "Joint Tenancy." The inventory of the estate of the decedent describes the same property save a quantity of grain and one bank account which appears only in the inventory of the estate of John Schneider. These inventories are signed by the plaintiff, the first-mentioned as administratrix CTA and the second-mentioned as executrix of the estate of Lillie M. Schneider. We interpret the stipulation taken together with the recitals in the inventories as to the nature of title to constitute an agreement of the parties that the source of the $20,000 certificate of deposit was property which passed from John Schneider to Lillie M. Schneider by survivorship.

The trial court found that: "Lillie M. Schneider, deceased, prior to her death, improperly diverted from her legatees and devisees the $20,000.00 Certificate of Deposit and the 1966 Cadillac automobile." It rendered judgment against Sandra Watkins for $23,200.

We reverse the judgment and direct the plaintiff's petition be dismissed.

As we view this case it presents only questions of law. The will was executed by John Schneider and Lillie M. Schneider in 1954. The record does not show what property was owned by them at that time or the nature of the title. The pertinent provisions of the will are as follows:

"In the name of God, amen. We, JOHN SCHNEIDER and LILLIE M. SCHNEIDER, husband and wife, of Sarpy County, Nebraska, both being of sound mind and disposing memory, blessed be to God for the same, hereby make our joint and mutual Will in manner and form following, that is to say:

"FIRST. The first to die directs that his or her funeral expenses, just debts and the costs and expenses of administering his or her estate be first paid.

"SECOND. The first to die hereby gives, devises and bequeaths to the survivor, absolutely and forever, the remainder of his or her estate, both real and personal, after the payment of the obligations referred to in paragraph one hereof. . . .

"FOURTH. In case the joint makers of this Will should die at or about the same time, or in case the survivor should not live long enough to probate the Will of the first to die, then and in such case the joint makers of this Will hereby make the following distribution of their property and of the property of each of them, to-wit:

"To our daughters, ORILLA E. SHELDON, EDITH M. HARDY and SYBIL T. ANDERSON, to share and share alike, and we hereby appoint our daughter, ORILLA E. SHELDON, Executrix hereof in the event either the Executor or Executrix cannot serve as provided in paragraph three hereof.

"FIFTH. We hereby revoke all former Wills made by either of us.

"SIXTH. Each of us solemnly promises the other

that he or she will not revoke or change this Will or make any disposition of his or her property by Will, contract, gift or otherwise without at least five days' notice in writing to the other of his or her intention to do so; that any disposition of his or her property in violation of this provision shall be void. No change of any kind shall be made by the survivor affecting the disposition of the property by the first to die made by this Will."

John Schneider died December 6, 1969, and the will was admitted to probate as his will on March 13, 1970. Lillie M. Schneider died July 7, 1970, and the will was admitted to probate as her will on August 3, 1970. No further proceedings were had in the estate of John Schneider until after the death of Lillie M. Schneider.

Except for the contingencies mentioned in paragraph FOURTH, i.e., if the makers die at about the same time or the survivor dies before the will is admitted to probate, the will does not by its terms purport to make any disposition of the property of the survivor. The usual dispositive provision by the survivor is absent.

It is apparent that the portion of the first sentence of paragraph SIXTH preceding the semicolon pertains only to dispositions made during the lifetime of both testators because it provides for 5 days' written notice to the other. The literal language of the provisions making void transfers in violation of this provision obviously pertains only to dispositions made contrary to the requirement of "five days' notice in writing."

This leaves for determination the contention of the plaintiff that the last sentence of paragraph SIXTH as follows: "No change of any kind shall be made by the survivor affecting the disposition of the property by the first to die made by this Will," constitutes a binding contractual commitment that the survivor would not dispose of any of his, her, or their property by gift during the survivor's lifetime to anyone other than the beneficiaries named in paragraph FOURTH. The literal

language of that provision makes it apply only to property, disposition of which has been made "by the first to die . . . by this Will." It does not by its terms apply to property passing outside the will. We are not free to rewrite the will to make it apply as the plaintiff contends and as apparently the trial court found. To do so would do violence to the intention of the testators as expressed when and by whatever means they acquired or placed their holdings in joint tenancy. Since the record is silent on the point, this may have been done as far as we know after the will was made and with the very intention of avoiding its restrictions.

It may be argued that because the will makes no disposition of the estate of the survivor except for the contingencies referred to in paragraph FOURTH and the testators would be deemed to be aware of this, that therefore the last sentence of paragraph SIXTH could apply only to property passing outside the will or by intestacy and so the testators must have intended that it so apply. Even if this argument be acceptible as to intestate property we cannot even by a liberal construction of the will ascertain any intent on the part of the two testators to restrict the right of the survivor to dispose of property passing by survivorship outside the will. The intent of a testator must be ascertainable from the provisions of the will itself. Burton v. Defenbaugh, 132 Neb. 851, 273 N. W. 489; Jacobsen v. Farnham, 155 Neb. 776, 53 N. W. 2d 917. Property owned in joint tenancy passes to the surviving joint tenant by virtue of the nature of the tenancy and not under the law of descent and distribution or by virtue of the provisions of the will of the first joint tenant to die. 48 C. J. S., Joint Tenancy, § 1b, p. 910; Arthur v. Arthur, 115 Neb. 781, 215 N. W. 117; McConnell v. McCook Nat. Bank, 142 Neb. 451, 6 N. W. 2d 599; McPherson v. Minier, 179 Neb. 212, 137 N. W. 2d 719.

For the foregoing reasons we are not required to reach and determine the validity of the defendant's con-

tention that the specifications of paragraph SIXTH restricting the power to alienate are repugnant to the apparent fee interest devised by paragraph SECOND of the will. Neither are we required to take note of the plaintiff's contention that the failure of the defendant Sandra Watkins to object to the probate of the will as the will of Lillie M. Schneider in some way estops her from defending this action.

We hold the property here in question having passed to Lillie M. Schneider by virtue of her being the surviving joint tenant therein that she was the absolute owner thereof and had the power of disposition of that property, and further that it is not possible by a construction of the will to ascertain an intent on the part of the testators to make the restrictive provisions thereof applicable to property passing by survivorship outside the will.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.