GRETCHEN SWANSON FAMILY FOUNDATION, INC., A NE-
BRASKA CORPORATION, ET AL., APPELLEES, V. CECIL A. JOHN-
SON, ET AL., APPELLEES, SWANCO TRUST COMPANY, A COR-
PORATION, INTERVENER-APPELLEE, COUNTY OF DOUGLAS, NE-
BRASKA, INTERVENER-APPELLANT.
228 N. W. 2d 608

Filed May 1, 1975. No. 39757.

Donald L. Knowles and Henry L. Wendt, for inter-
vener-appellant.

Alfred G. Ellick of Ellick & Spire, for appellees Gretch-
en Swanson Family Foundation, Inc., et al.

Joseph A. Troia and John Ilich, for appellees Johnson
et al.

August Ross, for intervener-appellee.

Heard before WHITE, C. J., McCOWN, and NEWTON,

JJ., COLWELL, District Judge, and KUNS, Retired District Judge.

COLWELL, District Judge.

This is an action for the construction of the last will and testament of Gilbert C. Swanson, deceased, who died testate March 8, 1968, a resident of Douglas County, Nebraska. Intervener County of Douglas, Nebraska, appeals from the judgment of the District Court finding for the plaintiffs that the word "charges" in the second line of Paragraph SECOND of the will includes only funeral expenses and just debts of the decedent and does not include death taxes. We affirm.

By stipulation of the parties the bill of exceptions was settled by the trial judge; we consider it pursuant to Rules 7 d 2 and 7 i, Revised Rules of the Supreme Court, 1974.

The pertinent parts of the will are:

"FIRST: I direct that all of my funeral expenses and just debts, except debts secured in whole or in part by mortgages on real estate, be paid as soon after my death as practicable. I direct that all estate, inheritance, transfer, succession, legacy, or other death taxes which may become payable upon or with respect to any property included as a part of my gross taxable estate shall be paid out of the corpus of my residuary estate.

"SECOND: After making full provision for the payment of charges as stated in the FIRST part of my Will above, my Executors shall allocate two-thirds (2/3) of my Estate for charitable uses which are contemplated by the Gilbert C. Swanson Foundation, Inc., a tax exempt status corporation founded by me to promote charitable, religious, educational and research objectives."

Plaintiff, Gretchen Swanson Family Foundation, Inc., is a nonprofit charitable corporation established in 1950, having an Internal Revenue Service tax exempt status.

Plaintiff, Gilbert C. Swanson Foundation, Inc., was formed to promote charitable purposes. Its tax exempt

status had not been established with the Internal Revenue Service at the time of the death of its founder, Gilbert C. Swanson.

Intervener-appellant Douglas County, Nebraska, claims that the Nebraska state estate tax, under sections 77-2101 to 77-2112, R. R. S. 1943, due in this estate is included as a charge upon the estate of decedent included in the word "charges" in the second line of Paragraph SECOND of the will and, as such, it was to be paid out of the estate assets the same as debts and funeral expenses, and not out of the residuary estate.

The plaintiffs and all the other parties, except intervener Douglas County, Nebraska, contend it was the intent of the testator that all death taxes were to be paid out of the residuary estate as specifically directed in Paragraph FIRST, and that the claim of intervener Douglas County is (1) contrary to the specific language of the will; and (2) contrary to what any rational person would want to intend.

"The cardinal rule of testamentary construction is to ascertain the intention of the testator as expressed in the will. * * * In construing a will the court should give effect to the true intention of the testator as shown by the will itself in the light of the attendant circumstances under which it was made, if that intention is consistent with the applicable rules of law. * * * No particular words or conventional forms of expression are necessary to enable one to make an effective testamentary disposition of his property. * * * The intention of the testator is to be ascertained from a liberal interpretation and comprehensive view of all of the provisions of the will." First Nat. Bank & Trust Co. v. Oeltjen, 175 Neb. 345, 121 N. W. 2d 816. See, also, Wall v. Wall, 157 Neb. 360, 59 N. W. 2d 398.

There is a patent ambiguity appearing on the face of the instrument. "A patent ambiguity must be removed by interpretation according to legal principles and the intention of the testator must be found in the will. In

searching for the intention of the testator the court must examine the entire will, consider each of its provisions, give words their generally accepted literal and grammatical meaning, and indulge the presumption that the testator understood the meaning of the words used. * * * The intention within the ambit of this rule is the one the testator expressed by the language of the will and not an entertained but unexpressed intention." Dunlap v. Lynn, 166 Neb. 342, 89 N. W. 2d 58.

Gilbert C. Swanson executed his will on January 5, 1968. There was evidence of attendant circumstances that it was part of the testator's estate and tax plan which he was considering with the assistance of his attorney, Cecil A. Johnson, a family counselor for more than 20 years. On December 1, 1967, Johnson prepared a two-page, single-spaced memorandum for Swanson's consideration, recommending a change in his testamentary disposition, including present gifts to Swanson's children, and his possible tax liability as related to death taxes, gift taxes, and gifts made in contemplation of death. On January 3, 1968, Johnson prepared another memorandum for Swanson's consideration, being one page, single-spaced, with five pages of supporting accounting data, including a calculation showing possible death taxes resulting from the suggested disposition with the consideration that the death taxes would be paid out of Swanson's residuary estate. On January 5, 1968, Johnson prepared another three-page, single-spaced memorandum for Swanson recommending the transfer of $2,500,000 to an irrevocable trust; Johnson again discussed the possible liability of gift taxes, estate taxes, gifts made in contemplation of death, and, particularly, suggested that the proposed will of Gilbert C. Swanson should provide for all the death taxes being paid out of the residuary estate. The record shows that these memorandums were delivered to Gilbert C. Swanson and Johnson discussed them with him.

On January 2, 1968, as a part of his estate plan Swan-

son created the irrevocable Gilbert C. Swanson Family Sprinkle Trust. The sum of $2,600,000 was transferred by the settlor to the trustees of that trust.

The concern of the testator to minimize his death tax liability is found in Paragraph SECOND of his will. "The Gilbert C. Swanson Foundation, Inc. is currently under a cloud pertaining to its tax exempt status under the Internal Revenue Code. * * * until the issue is resolved at the national level of the Internal Revenue Service and the Gilbert C. Swanson Foundation, Inc. is cleared of this cloud, I am handicapped in using this Foundation for the purposes of planning the disposition of my Estate on my death and the care of it after my death."

At the time testator executed his will, he was informed of the difference in the amount of death taxes dependent upon which bequest was designated to bear that tax burden; and he was aware of the resultant impact upon the beneficiary, Gretchen Swanson Family Foundation, Inc. In round numbers it is revealing to compare. The probate estate was about $11,250,000; if the position of the plaintiffs is correct, the Gretchen Swanson Family Foundation, Inc., would receive about $7,500,000, death taxes would be $2,564,000, and the residuary estate would be $1,186,000. If the position of intervener Douglas County is correct, the foundation would receive $4,139,000, death taxes would be $5,043,000, and the residuary estate would be $2,068,000.

"It is competent for a testator to specify what property or class of property shall assume the burden of taxes on the transfer or the right of succession of his estate, as, for example, by providing that such taxes shall be paid out of the general or residuary estate, or out of a particular fund, or designated portions of his estate." 42 Am. Jur. 2d, Inheritance, Etc., Taxes, § 347, p. 559. See, also, Stuckey v. Rosenberg, 169 Neb. 557, 100 N. W. 2d 526.

A the time of the execution of the will testator was

well informed as to the intended beneficiaries, the consequences of the various alternatives in distribution, and he had particular knowledge and understanding of the impact that the payment of death taxes would have upon all beneficial interests. It is clear that the testator intended to minimize the tax liability of his estate.

The intent of the testator is very apparent when the specific provisions of the will itself are considered. The first sentence in Paragraph FIRST directs the early payment of funeral expenses and debts. In the second sentence of Paragraph FIRST the testator specifically directs the payment of taxes out of his residuary estate by saying: "I direct that all estate, inheritance, transfer, succession, legacy, or other death taxes which may become payable upon or with respect to any property included as a part of my gross taxable estate shall be paid out of the corpus of my residuary estate." This is a brief, concise, understandable direction to the executrix of the estate that all death taxes were to be paid out of the residue of the estate.

"Where a possible construction of the words used in a will leads to a highly improbable result, the court will lean toward a construction that will carry out the natural intention of the testator." 57 Am. Jur., Wills, § 1127, p. 721.

The reference to "payment of charges" as contained in the first sentence of Paragraph SECOND if considered separate and apart is inconsistent, since it does refer to Paragraph FIRST; however, to suggest that taxes were intended to be included as a part of the "charges" would completely disregard the specific provision in the second sentence of Paragraph FIRST and, in addition, when the whole will is considered with the circumstances surrounding its execution, the intervener's suggested improbable result approaches absurdity.

The judgment of the District Court is affirmed.

AFFIRMED.