EUGENE H. ALLEMAND ET AL., APPELLEES, V.
ROBERT WEAVER EL AL., APPELLEES,
JULIE EDWARDS ET AL., APPELLANTS.

305 N.W.2d 7

Filed April 24, 1981. No. 43317.

Charles D. Hahn of McKnight, Hahn, Hahn, Fuller & Chatelain for appellants.

Weaver, Beekman & Merz for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

This is an appeal from the District Court for Richardson County, Nebraska, from a decree in a quiet title action assigning shares and ordering partition of certain real estate.

At issue in the District Court was the construction of paragraph III in the will of Albert W. Weaver which read as follows: "I give, bequeath and devise to my beloved wife, Edna May Weaver, all real estate which I may own at the time of my death, for and during her natural life; at her death the remainder in said real estate shall vest in my surviving brothers and sisters as follows:

"In Frank Weaver, an undivided one-fifth (1/5) part.
"In George Weaver, an undivided one-fifth (1/5) part.
"In Lulu Wixon, an undivided one-fifth (1/5) part.

"In Effie Weddel, an undivided one-fifth (1/5) part. and in the children of my deceased sister, Pearl Allemond, an undivided one-fifth (1/5) part. If any of my above named brothers or sisters shall die before my death, their children shall take the same share in my estate as such deceased brother or sister would have taken if they had survived me."

The testator, Albert W. Weaver, was predeceased by George Weaver, a brother. George Weaver died on March 11, 1954. Albert W. Weaver, the testator, died on July 18, 1954. George Weaver died leaving no children or other issue surviving him.

Since there is no residuary clause in the will, the bequest to George Weaver would have lapsed at the testator's death and passed under the laws of intestacy as they read in 1954 if the devise in paragraph III was a distributive devise. Under Neb. Rev. Stat. § 30-101 (Cum. Supp. 1953), one-half of George's share would have gone in fee simple to Edna May Weaver, the testator's wife, and upon her death in 1979, to appellants who are distributees and legatees under her will. However, if paragraph III created a class gift, George's share would have been divided equally among the testator's surviving brothers and sisters and the issue of deceased brothers and sisters by representation. The trial court found that paragraph III created a class gift and the remainder interest in the testator's real estate belonged in equal shares to appellees who are the heirs of Albert's now deceased brothers and sisters. This appeal followed, the question for decision being whether paragraph III created a class devise or a distributive devise.

The effect of holding the devise in paragraph III to be to individuals, rather than a gift to a class, would render the testator intestate as to a one-fifth share of the real estate disposed of in the paragraph since the will had no residuary clause. There are certain principles to be followed in the construction of this paragraph: First, "'It is a natural presumption that a testator making his will

intended to dispose of his whole estate and not to die intestate as to any part of it, and in construing doubtful expressions this presumption has weight, *but it cannot supply the actual intent of the testator to be derived from the language of the will.'" Katt v. Claussen*, 174 Neb. 603, 611, 118 N.W.2d 1002, 1007 (1963); *Jacobsen v. Farnham*, 155 Neb. 776, 53 N.W.2d 917 (1952).

"It is not the province of the courts by construction to supply omissions or to write residuary clauses for testators who neglect to do so." *Katt* at 610, 118 N.W.2d at 1006.

"The object and purpose of the court is to carry out and enforce the true intention of the testator as shown by the will itself, in the light of attendant circumstances under which it was made." (Syllabus of the court.) *In re Estate of Dimmitt*, 141 Neb. 413, 3 N.W.2d 752 (1942).

"Ordinarily, a class gift is a gift to two or more persons who are not named and who have one or more characteristics in common by which they are indicated or who answer to a general description." *Katt* at 608, 118 N.W.2d at 1005.

"'If the gift is made to beneficiaries by name, the gift is, prima facie, not one to a class, even if the individuals who are named possess some quality or characteristic in common. This is particularly true if the beneficiaries are not described as having some quality or attribute in common.'" *Katt* at 609, 118 N.W.2d at 1006.

It can be seen that paragraph III of the will possesses both characteristics of a class gift and characteristics of an individual gift. The characteristics of a class are the description of a group having common characteristics, i.e., brothers, sisters, or heirs of deceased brothers and sisters. The paragraph possesses some indication of a gift not to a class by the recitation of the individual names of the beneficiaries, including the brothers and sisters and the children of a deceased sister and by the specification of their shares. Since the language itself is not conclusive but rather ambiguous, we must determine the intent of the testator to the

extent possible from the terms of the will itself.

The will of Albert W. Weaver consists of four paragraphs. In the first paragraph he directs that his just debts be first paid out of his personal estate. Paragraph II is as follows: "All the residue of my *personal* estate, of every kind and nature, I give and bequeath to my beloved wife, Edna May Weaver." (Emphasis supplied.) Paragraph III, set forth above, refers to real estate. Paragraph IV names Edna May Weaver executrix, and provides that in the event Edna May Weaver does not survive the testator, the court appoint a suitable person to act as a personal representative. The obvious intent of the will, gathered from the instrument, was to dispose of all the property which the testator possessed. Total personal property was assigned for the payment of debts and cost of administration, and any balance thereof to the testator's widow. The widow was granted only a life estate in the real estate and the remainder in the real estate was assigned to his own brothers and sisters. It is obvious from the will that the testator intended that the real estate remain in his own family after making suitable provisions for his widow. The absence of a residuary clause, although not conclusive, suggests that it was the impression of the testator that there was nothing to dispose of by a residuary clause; that everything had been disposed of by the will. From a reading of the four corners of the instrument, it is therefore our conclusion, as it was the conclusion of the trial court, that the testator intended the gifts described in paragraph III to be a gift to a class and not to individuals; that he intended to dispose of all his real estate and to have the same remain in his own family; and not to die intestate as to any part of the property.

The judgment of the trial court is in accordance with these findings and is therefore affirmed.

AFFIRMED.