IN RE ESTATE OF JOHN WALTERS, SR., DECEASED.
JOHN WALTERS, JR., PERSONAL REPRESENTATIVE
OF THE ESTATE OF JOHN WALTERS, SR., DECEASED,
APPELLANT AND CROSS-APPELLEE, V. EDNA L. FRICK,
FORMERLY EDNA L. WALTERS, APPELLEE AND
CROSS-APPELLANT.

324 N.W.2d 889

Filed October 8, 1982. No. 44048.

Thomas Blount of Garber & Batt, for appellant.

Sarah Jane Cunningham of Cunningham Law Office, P.C., for appellee.

Heard before KRIVOSHA, C.J., WHITE, and CAPORALE, JJ., and MURPHY and WHITEHEAD, D. JJ.

WHITEHEAD, D.J.

On July 12, 1967, and prior to their marriage, John Walters, Sr., and Edna L. Miller entered into an antenuptial agreement. Both individuals had been previously married and both had children by previous marriages. In the antenuptial agreement each party disclaimed any interest in property owned by the other, the apparent purpose being to preserve their respective estates for the benefit of their respective children. The antenuptial agreement stated in part, "It is agreed that, as to the separate property of the parties which is herein described, each of the parties shall be and continue completely independent of the other as regards the enjoyment and disposal of principal in regard to all of the property, notwithstanding the marriage. Income from such property, however, shall be considered as

property accumulated by the parties during the marriage." The parties remained married until the death of John Walters, Sr., in 1977.

A petition for probate was filed in the county court of Red Willow County and the joint will, executed by John Walters with his first wife, Lorene Walters, was entered into probate inasmuch as the decedent, John Walters, Sr., had not altered his joint will or executed a new will prior to passing away on May 8, 1977. At the time of the death of John Walters, Sr., Edna Miller Walters was his surviving spouse and she was not mentioned or provided for in the last will and testament of John Walters, Sr.

After qualifying as personal representative of the estate, John Walters, Jr., the son of the decedent, filed an inventory. In the inventory it was shown that there were certain certificates of deposit which John Walters, Sr., had purchased during his marriage to Edna Walters in his name and that of his son, John Walters, Jr., as joint tenants. Notice to creditors was published and an order barring claims not filed was entered by the court, and no claims were filed during the time provided by law. On January 31, 1978, the personal representative filed a motion to construe the antenuptial agreement. Notice of hearing was sent to the appellee and her attorney. The appellee and her attorney appeared at the hearing and offered evidence. The appellee also at that time filed a notice to take under the statute.

The court held that the appellee had waived all right to the real estate and to take against the will. The appellee moved for an order assigning her distributive share of the inventory pursuant to Neb. Rev. Stat. §§ 30-2302 and 30-2320 (Reissue 1979). The personal representative filed his final account and formal closing petition. The motion for assignment of a distributive share and the formal closing petition for complete settlement came on for hearing, and the court found that Edna Walters was not enti-

tled to elective share provided by Neb. Rev. Stat. § 30-2313 (Reissue 1979) because the petition for elective share was not made within the time limitation provided. The court then continued the hearing, scheduling a further hearing to give the personal representative an opportunity to account for the income from the farm from May 8, 1977, and for the allocation of fees and expenses, together with all remaining matters. On November 29, 1978, the court entered its order for complete settlement, which was reduced to writing and signed by the court on January 31, 1979.

At the final hearing the appellee made an oral motion to have a constructive trust impressed upon the joint tenancy property held by John Walters, Jr., which motion was overruled and from which Edna Walters Frick appealed. The District Court upheld the ruling of the county court and the matter was appealed by the estate and cross-appealed by Edna Walters Frick. The estate dismissed its appeal and the matter proceeds on the cross-appeal of Edna Walters Frick.

It is an elementary principle of law that property owned in joint tenancy passes to the surviving joint tenant by virtue of the nature of the tenancy and not under the law of descent and distribution or by virtue of the provisions of the will of the first joint tenant to die. *Sheldon v. Watkins,* 188 Neb. 599, 198 N.W.2d 455 (1972); 48 C.J.S. *Joint Tenancy* § 1 b. (1947); *Arthur v. Arthur,* 115 Neb. 781, 215 N.W. 117 (1927); *McConnell v. McCook Nat. Bank,* 142 Neb. 451, 6 N.W.2d 599 (1942).

It is also an elementary principle of law that property owned in joint tenancy is not property included in an estate except for the provisions of Neb. Rev. Stat. § 77-2002 (Reissue 1981), which provides that joint tenancy property is included in the estate for inheritance tax purposes only. The appellee moved during the closing proceedings to have a construc-

tive trust placed upon the joint tenancy funds held by the decedent and his son, John Walters, Jr. The county court refused to do so. An examination of the record, as presented to the District Court and subsequently to us, reveals that the action of the county court in the first instance and the District Court on appeal was correct. If appellee had a claim for a constructive trust, it was not properly presented and could not have been considered. See *Boosalis v. Horace Mann Ins. Co.,* 198 Neb. 148, 251 N.W.2d 885 (1977).

The judgment of the District Court is affirmed.

AFFIRMED.