IN RE ESTATE OF JOHN J. FLOREY, ALSO KNOWN AS JACK FLOREY, DECEASED.
LAURA T. FLOREY, SURVIVING SPOUSE AND PERSONAL REPRESENTATIVE OF THE ESTATE OF JOHN J. FLOREY, DECEASED, APPELLANT, v. CARMELLA FLOREY, ADMINISTRATRIX OF THE ESTATE OF FRANK A. FLOREY, DECEASED, ET AL., APPELLEES.
325 N.W.2d 643

Filed October 22, 1982. No. 43812.

Richard Douglas McClain, for appellant.

A. Loy Todd, Jr., of Bailey, Polsky, Cada & Todd, for appellees.

Heard before WHITE and HASTINGS, JJ., and BROWER and EMPSON, D. JJ.

BROWER, D.J.

The appellant, Laura T. Florey, as surviving spouse and personal representative of the estate of John J. Florey, also known as Jack Florey, deceased, instituted this action in the county court of Lancaster County, Nebraska, to interpret the will of the deceased, John J. Florey, hereinafter referred to as Jack Florey. From a decision by the District Court of Lancaster County affirming the county court, Laura T. Florey has brought this appeal.

The facts as set out herein are not in dispute.

Jack Florey, the decedent, executed his last will and testament on the 27th day of December 1966. At the time said will was prepared and executed, he and Laura T. Florey were husband and wife and each had previously been married. On the date said will was drawn and executed, Jack Florey had no children or issue of any deceased children and both his mother and father were deceased. On that date, however, Laura T. Florey, his wife, had one son by a prior marriage. The will as executed contained the following provisions which give rise to this controversy: "IV. I do give, devise and bequeath to my wife, LAURA FLOREY, upon condition that my said wife shall survive me, a one fourth ($\frac{1}{4}$) part of my estate, that is that portion of my estate which would be equivalent to what the said LAURA FLOREY would be entitled to receive under the laws of de-

scent and inheritance in the absence of a Will. V. All the rest, residue and remainder of my estate, whether real estate, personal or mixed, wherever the same may be located and whenever acquired by me, I do give, devise and bequeath to my brother, FRANK FLOREY of Lincoln, Lancaster County, Nebraska, upon condition that my said brother shall survive me. Should my said brother fail to survive me, then the children of my said brother, FRANK FLOREY, shall take the residue of my estate in equal, undivided shares. Should my said wife, LAURA FLOREY, fail to survive me as provided for in the immediately preceding paragraph, then my entire estate shall descend and be vested in my brother, FRANK FLOREY, or to his children in the event he shall predecease me."

Paragraph VI of the decedent's will contained the provision nominating the brother, Frank Florey, as executor of his will.

Jack Florey died on May 15, 1979, and on that date had no children surviving and left his wife, Laura T. Florey, and his brother, Frank A. Florey, surviving. On June 5, 1979, Laura T. Florey was appointed special administratrix in a formal proceeding held in the county court of Lancaster County, Nebraska, and letters of special administration were issued to her. The last will and testament of Jack Florey was filed with the court on June 14, 1979, and on July 2, 1979, a petition was filed by John James Florey, nephew of the deceased, for formal probate of the will, determination of heirs, and for the appointment of a personal representative. The petition so filed alleged that the personal representative, Frank Florey, named in the will was deceased and the petition made no recommendations as to who snouɪu ᴅe appointed personal representative.

On July 3, 1979, Laura T. Florey filed objections to the will, admitting that it was the last will of the deceased and alleging that the provisions set out in

paragraph IV required construction by the court, and requested that the court interpret said clause. An order was entered admitting the will to probate thereafter, and the question as to determination of heirs was reserved by the court. The court appointed Laura T. Florey personal representative of the estate of deceased and she has acted as such ever since.

A review of the court record reflects that Jack Florey owned some property in his own name but that the bulk or major portion of his estate consisted of property held in joint tenancy or as tenants in common with his spouse, Laura T. Florey. The inventory in the estate also reflects additional property as being held by the decedent and his nephew, John James Florey.

The law of the State of Nebraska in effect on the date the decedent executed his will provided as follows: "When any person shall die, leaving a husband or wife surviving, all the real estate of which the deceased was seized of an estate of inheritance at any time during the marriage, or in which the deceased was possessed of an interest . . . shall descend . . . in the manner following: . . . (4) one half to the husband or wife, if there be no children . . . ." Neb. Rev. Stat. § 30-101 (Reissue 1964). Those portions of § 30-101 not pertinent to this action have been omitted. Neb. Rev. Stat. §§ 30-102 and 30-103 (Reissue 1964) provided for the distribution of real and personal property held by the decedent at the date of his death and directed that its distribution follow the law of descent and inheritance as set out in § 30-101.

Neb. Rev. Stat. § 30-107 (Reissue 1964) provided the right of election for the surviving spouse and permitted that surviving spouse to elect to receive property that she would receive by inheritance, descent or distribution in lieu of the provisions made for her in the will.

In 1974 the Nebraska Probate Code was adopted

and §§ 30-101, 30-102, 30-103, and 30-107 were repealed. Under the new probate code, Neb. Rev. Stat. § 30-2302 (Reissue 1979), which became effective on January 1, 1977, the intestate share passing to the surviving spouse was defined as follows: "The intestate share of the surviving spouse is: (1) if there is no surviving issue or parent of the decedent, the entire intestate estate . . . ."

With the adoption of the new probate code different provisions were also provided for the resident surviving spouse to elect under Neb. Rev. Stat. § 30-2313 (Reissue 1979). This section provides that the surviving spouse has a right of election to take an elective share of one-third of an augmented estate. The augmented estate is defined in Neb. Rev. Stat. § 30-2314 (Reissue 1979) and involves a formula and calculation which requires that certain properties be added back to the probate estate. The property to be added includes property given by the decedent during his lifetime to others and property held jointly by the decedent and others. The act further provides that certain adjustments and deductions be made. For the purposes of this appeal it is not necessary for the court to go into this complicated formula. It is sufficient to state that the election statute protecting the spouse prior to the adoption of the new code has been completely revamped and no longer refers to the intestacy estate. The surviving spouse is entitled to elect to take that property which is given to her in the will or to receive that property as computed under § 30-2314.

It is apparent that between the date the decedent executed his will and the date of his death the law was substantially changed. At the time the will was drawn the statute of descent provided that the surviving spouse would have received one-half of the probate estate of the deceased, and there does appear on the face of the will an ambiguity or discrepancy between the first part of paragraph IV and

the subsequent portion of said paragraph, or that part of the paragraph following the enumeration. The surviving spouse's interest in the intestate estate was not one-fourth but one-half of the probate property under the statute in effect at the time the will was drawn.

The appellant in this case argues that the clause defining the portion should control and that the surviving spouse should receive one-half of the probate estate, if the law in effect at the time of the execution would apply. She further argues that if the law in effect at the date of the decedent's death controls, the surviving spouse, because of the will's reference to the statute of descent and distribution, should receive all the property under the provisions of § 30-2302.

The county court ruled that the will of the deceased provided that Laura T. Florey should receive one-fourth of the probate estate, that the intention of the deceased must be gleaned from the four corners of the decedent's will, and that the intent was plain and clear when all the clauses of the will were taken together. The District Court affirmed said decision, and appeal was effected to this court. We must affirm.

There are a number of rules of construction our court has adopted where there appears to be a patent ambiguity. A patent ambiguity is an ambiguity appearing on the face of the instrument, whereas a latent ambiguity is one outside the will. " 'A patent ambiguity must be removed by interpretation according to legal principles and the intention of the testator must be found in the will.' " *Gretchen Swanson Family Foundation, Inc. v. Johnson,* 193 Neb. 641, 643, 228 N.W.2d 608, 610 (1975); *McLaughlin v. Heath,* 164 Neb. 511, 82 N.W.2d 533 (1957); *Brandeis v. Brandeis,* 150 Neb. 222, 34 N.W.2d 159 (1948).

This is a patent ambiguity and it therefore becomes a question of law as to the meaning to be

given to the language of the will itself. *Wehrer v. Baker,* 161 Neb. 241, 72 N.W.2d 844 (1955); *Brandeis v. Brandeis, supra.* Where in a will there is such a patent ambiguity resulting from the use of the words and nothing appears within its four corners to resolve or clarify the ambiguity, the words must be given their generally accepted literal and grammatical meaning. *Brandeis v. Brandeis, supra; Wehrer v. Baker, supra; Lacy v. Murdock,* 147 Neb. 242, 22 N.W.2d 713 (1946); *McLaughlin v. Heath, supra.* The fundamental rule, however, as set forth in *McLaughlin v. Heath, supra,* and *Lacy v. Murdock, supra,* provides, in the construction of a will, that the court is required to give effect to the true intent of the testator so far as it can be collected from the whole instrument, if such intent is consistent with the rules of law.

The appellant in this action sets out but one assignment of error, that is that the District Court erred in interpreting the clause set forth in the decedent's will and that the surviving spouse should be entitled to the property allotted to her under the provisions of § 30-101, which was in effect on the date the will was executed.

Our court has repeatedly held that the will of the deceased speaks as of the date of death of the testator. *Brandeis v. Brandeis, supra; McLaughlin v. Heath, supra; Lacy v. Murdock, supra.* The right of a surviving spouse to elect to receive those benefits provided by law in lieu of those provided by the will also must be determined by the law in effect at the date of the decedent's death. With the adoption of the new probate code, Neb. Rev. Stat. § 30-2901 (Reissue 1979) provides that the new code applies to any wills of decedents dying subsequent to the effective date of the code. The court must therefore look to the law in effect when the decedent died to determine the rights of the electing spouse.

The appellant in this case has not lost her right to

elect. In fact, the record reflects that she has requested and received, under statutory provisions, the right to delay this election until these proceedings have been completed.

The sole question that this court must determine is the intent of the decedent as gleaned from the four corners of the will, after giving the language therein its ordinary and customary meaning. The decedent specifically provided that his wife was to receive one-fourth of his property. There is no question as to the meaning of this clause, or phrase. The additional portion of paragraph IV following adds nothing to that clause when placed in the context and surrounded by the other provisions contained in the will, as set forth in the residuary clause. Had the decedent died prior to the effective date of the new probate code, the surviving spouse would have been at liberty to elect to receive that portion of the estate provided her under the intestacy laws then in effect. The fact that the statute was changed does not affect her right to elect, it merely changes the formula as to how that share is to be computed.

The court notes that in her brief the appellant does not seriously raise the proposition that the surviving spouse would be entitled to all the decedent's probate property because of the adoption of the new probate code. Such a contention completely destroys the intent of the decedent when all the provisions of the will have been scrutinized.

The appellant urges that the court adopt the ruling set forth in the *McLaughlin* case, which provides that where there are two provisions of a will that are irreconcilable, the latter provision will prevail over the earlier, unless the entire will discloses a contrary intent. The will executed by the decedent, however, does, when reviewed in its entirety, disclose a contrary intent. Our court has also repudiated that proposition. See, *Dennis v. Omaha National Bank,* 153 Neb. 865, 46 N.W.2d 606 (1951);

4 Page on Wills § 30.20 (1961). The correct rule appears to be that where there is a clear provision it will not be controlled by a subsequent ambiguous provision. *Merchants Nat. Bank of Cedar Rapids v. United States,* 326 F. Supp. 384 (N.D. Iowa 1971); *Stein v. U.S. National Bank,* 165 Or. 518, 108 P.2d 1016 (1941).

" 'The cardinal rule of testamentary construction is to ascertain the intention of the testator as expressed in the will. * * * In construing a will the court should give effect to the true intention of the testator as shown by the will itself in the light of the attendant circumstances under which it was made, if that intention is consistent with the applicable rules of law. * * * No particular words or conventional forms of expression are necessary to enable one to make an effective testamentary disposition of his property. * * * The intention of the testator is to be ascertained from a liberal interpretation and comprehensive view of all of the provisions of the will.' " *Gretchen Swanson Family Foundation, Inc. v. Johnson,* 193 Neb. 641, 643, 228 N.W.2d 608, 610 (1975).

The court in this case must base its decision upon the literal and grammatical meaning of the words and phrases as they appear in the will itself and take into account all the provisions set forth in the will. It is not the province of the court to redraft or remake the will of the deceased. The intent of the testator to give one-fourth of his probate estate to his wife and the remainder to his brother or his brother's children is clear.

Accordingly, the court finds the construction reached by the county court and affirmed by the District Court of Lancaster County, viewing the will in its entirety, must be sustained. In consequence of this, the judgment of the District Court is affirmed.

AFFIRMED.

KRIVOSHA, C.J., not participating.