Betty ANGEL *v.* Thomas ANGEL et al

83-148                                              655 S.W.2d 373

Supreme Court of Arkansas
Opinion delivered July 5, 1983

*Wood, Smith & Schnipper,* by: *Ray S. Smith, Jr.,* for appellant.

*Steven B. Jordan,* and *Richard F. Hatfield,* for appellee.

GEORGE ROSE SMITH, Justice. This is a will construction case. The testator, A. C. Angel, who died at age 88, was survived by the four children (or their issue) of his first marriage. He was also survived by his second wife, the appellant Betty Angel, who filed the present petition for a construction of her husband's will. Under the probate judge's decision Betty receives two properties that are not in dispute: The family home, valued at $71,000, and all the jointly owned personal property, valued at $97,000. She does not, however, receive her husband's separately owned personal property, valued at $26,000. She contends that she is also entitled to that personal property, leaving nothing for the testator's children and grandchildren. We think the probate judge was right in his conclusion.

Three paragraphs of the will are pertinent:

I hereby give, devise, and bequeath to my wife, Betty, the house and lots which comprise our residence at the time of my death.

I further give, devise, and bequeath to my wife, Betty, one-third of all other assets and properties which I own, or in which I may have an interest at my death, but expressly subject to the following conditions and provisions: The assets may be selected by my said wife, Betty, but in calculating the evaluation of my said property and property interests from which the one-third is to be selected, all properties jointly owned by me and my said wife, or in which we may have an

interest, save and except the properties referred to in Paragraph 1, shall be included in arriving at that evaluation.

I hereby give the rest and remainder of my property, which I may own, or in which I may have an interest at my death as follows: [One fourth each to the testator's four children or their descendants.]

For reversal Betty Angel argues that the trial court erred in basing his decision on the stipulated handwritten notes of the lawyer who prepared the will. His notes recited in part: "Leave home place and lots to wife, Betty, plus 1/3rd of all other assets. The value of any properties jointly owned shall be first credited." The will itself says nothing about crediting the jointly owned property; so the notes were not admissible to show what the lawyer thought the testator intended to say, as distinguished from the express language in the will. *Hardy* v. *Porter*, 245 Ark. 729, 434 S.W.2d 61 (1968); *Wyatt* v. *Henry*, 121 Ark. 479, 181 S.W.2d 297 (1915).

Nevertheless, we must affirm the judgment of the trial court if it is correct in its result, even though the trial judge gave the wrong reason for his conclusion. The appellant argues in effect that we should consider only the second of the three paragraphs, disregarding the rest of the will and disregarding the testator's property holdings when he executed the will in 1974. The argument is that by the second paragraph the testator directed that the value of the property jointly owned at his death, $97,000, be added to the value of the property separately owned by him at his death, $26,000, making a total of $123,000, and that Betty must receive *from his individually owned estate* one third of that amount, or $41,000. Hence, the argument runs, Betty is entitled to all the rest of the estate, because it amounts to only $26,000.

When a will is subject to a twofold construction, it is our duty to consider the will as a whole and to reach "the real purpose and intention of the testator." *Union Trust Co.* v. *Madigan*, 183 Ark. 158, 35 S.W.2d 349 (1931). We have no doubt that the mathematical formula inserted in Paragraph 2 was intended to insure Betty's entitlement to a minimum of one third of the total family property, not to give her the

entire estate to the exclusion of the testator's own descendants. Four separate considerations point to this conclusion: First, when the will was executed in 1974, the husband owned $159,500 worth of property individually, with only $9,800 being jointly owned. Thus the formula was necessary to give Betty the minimum one-third dower interest provided by law. Second, the will twice expressed the testator's basic intent to give Betty *one third* of the family property, not the whole of it. Third, Betty's one third was to be "selected" from the estate, with the corresponding implication that she was not to take everything. Fourth, the remainder of the estate was left to the testator's children, again implying that Betty was not to take the whole estate. As it works out, Betty receives the jointly owned property, valued at $97,000, and the home place, valued at $71,000. We are not convinced that the testator intended for her also to have the remaining $26,000 of personal property, leaving nothing for his own descendants.

Affirmed.