IN RE ESTATE OF THERESA P. CORRIGAN, DECEASED. CLARA ZABOROWSKI ET AL., APPELLANTS, V. CHARIS M. FLEMING, PERSONAL REPRESENTATIVE OF THE ESTATE OF THERESA P. CORRIGAN, DECEASED, APPELLEE.

358 N.W.2d 501

Filed November 30, 1984.  No. 84-560.

William W. Griffin, for appellants.

Boyd W. Strope, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Theresa P. Corrigan and her husband, Patrick J. Corrigan, executed a joint and mutual last will and testament on December 22, 1970. Patrick Corrigan died in 1972. Upon Theresa Corrigan's death on January 6, 1984, the county court interpreted the will in favor of the beneficiaries named therein. Theresa Corrigan's heirs at law, her brothers, sisters, and children of her deceased brothers and sisters, appealed that determination to the district court, which affirmed the county court. The heirs now seek this review, claiming the lower courts erred in their respective interpretations. We agree with that claim and accordingly reverse the judgment and remand to the district court, directing it to remand to the county court with the direction that the county court cause distribution of the estate to Theresa Corrigan's heirs.

The legal thorns growing on the grave of Theresa Corrigan germinated in the following four paragraphs of the joint and mutual will:

FIRST.

We and each of us do hereby give, devise and bequeath all of our property, of whatsoever nature, whether real or personal property, and wherever situate to the survivor of us, to have and to hold absolutely and forever.

SECOND

In the event that we are killed as the result of a common disaster, or in the event that neither of us shall survive the other for a period of thirty calendar days, it is hereby determined that Patrick J. Corrigan shall have died first, and all of said property shall then pass to his widow, Theresa P. Corrigan. In the event that neither of us shall survive the other for the period last above stated, then and in that event, we jointly and mutually give, devise and bequeath all of our property as hereinafter set forth:

We Give and bequeath to St. Joseph's Catholic Church of Atkinson, Nebraska the sum of Ten Thousand

($100,00.00) [sic] dollars to have and to hold absolutely and forever.

### THIRD.

All of the rest and residue of our property, after the payment of the bequest to St. Joseph's Church, we jointly and mutually give, devise and bequeath in equal shares to Catherine Bonnie Whalen, now residing in Oakland California and Charis Fleming, of Ardmore, South Dakota, to have and to hold, absolutely and forerver [sic].

Lastly, we make constitute and appoint the survivor of us to be Executor or Executrix of this our mutual Last Will and Testament. In the event we are however killed in a common disaster or do not survive each other for thirty calendar days then we make constitute and appoint Charis Fleming of Ardmore South Dakota, who actually resides in Nebraska, the Executor of this our Last Will and Testament.

The threshold question is whether paragraph THIRD is a separate residuary clause operating free of any conditions on all property not otherwise disposed of, or whether the dispositions made therein are subject to the conditions imposed by paragraph SECOND. It cannot, therefore, be said the will is without ambiguity. The ambiguity being a patent one, that is, one appearing on the face of the instrument as a result of the language contained therein, we must resolve it without resort to extrinsic evidence. *In re Estate of Florey*, 212 Neb. 665, 325 N.W.2d 643 (1982). The question being one of law, we are obliged to reach independent conclusions with respect thereto. *Ranger Division v. Bayne*, 214 Neb. 251, 333 N.W.2d 891 (1983).

In reaching those conclusions we are bound by a number of rules of construction. The cardinal rule in construing a joint and mutual will is to ascertain and effectuate the intention of the testators if that intention is not contrary to law. *Sheldon v. Watkins*, 188 Neb. 599, 198 N.W.2d 455 (1972). In searching for the intention of the testators, we must examine the entire will, consider each of its provisions, give words their generally accepted literal and grammatical meaning, and indulge in the presumption that the testators understood the meaning of the

words used. *In re Estate of Schmitz*, 214 Neb. 28, 332 N.W.2d 666 (1983). Further, " ' "[t]he intention of the testator is to be ascertained from a liberal interpretation and comprehensive view of all of the provisions of the will." ' " *In re Estate of Florey, supra at* 673, 325 N.W.2d at 647, quoting *Gretchen Swanson Family Foundation, Inc. v. Johnson,* 193 Neb. 641, 228 N.W.2d 608 (1975).

Paragraph FIRST unconditionally gives the surviving Corrigan all of the other's estate "to have and to hold absolutely and forever."

Paragraph SECOND then specifies the conditions under which the inheriting Corrigan may be divested of that estate and which must first exist before the bequests which follow are to be made. Paragraph SECOND states in part: "In the event that neither of us shall survive the other for the period last above stated, then and in that event, we jointly and mutually give, devise and bequeath *all* of our property as *hereinafter set forth.*" (Emphasis supplied.) What then follows in paragraph SECOND is a description of the property to be given ($10,000) and the identity of the recipient, St. Joseph's Catholic Church of Atkinson. Standing alone, paragraph SECOND disposes of less than all of the Corrigans' estate in the event its operation divests the inheritance bestowed on one of them by paragraph FIRST.

While paragraph THIRD is separately numbered and is written as a separate paragraph, it directs that the remaining property, "after the payment of the bequest to St. Joseph's Church," be given to Catherine Whalen and Charis Fleming. In other words, it is only by reading paragraphs SECOND and THIRD together that the will disposes of *all* the estate in the event that neither Corrigan outlives the other by at least 30 days.

The unnumbered fourth paragraph further supports this conclusion. It provides that if both Corrigans die within a 30-day period, Charis Fleming is to be appointed the executor of the estate. This evidences the Corrigans' intent that Fleming should have some control over the administration of the estate *only if* he should inherit a large portion of it. This condition corresponds with the provisions in paragraphs SECOND and

THIRD, illustrating a continuity of purpose and an intent to harmonize all the provisions in the will.

We conclude that the Corrigans intended the bequests to the church and other named beneficiaries to be conditional upon the death of both of them within 30 days of each other. The Corrigans were in effect saying: "If neither of us lives past the 30-day period after the other dies, *then* the property will be distributed as set forth." Only by reading the will in that fashion can we give effect to the entire will and honor all of the Corrigans' intentions as expressed in the will.

This result is not unique. In *McLaughlin v. Heath*, 164 Neb. 511, 82 N.W.2d 533 (1957), and in *Sheldon v. Watkins, supra*, we held that under joint wills the surviving spouse in each case took the entire estate provided for in the wills, thus rendering the wills inapplicable to the other beneficiaries named in the wills and thereby creating the possibility that those estates would pass intestate if the surviving spouses failed to execute other wills.

It is urged, on behalf of the beneficiaries, that we apply the presumption that a testator intends to dispose of his entire estate and not to die intestate as to either a part or the whole thereof. *Dunlap v. Lynn*, 166 Neb. 342, 89 N.W.2d 58 (1958). We have also indicated, however, that the presumption cannot supplant the actual intent of the testator as derived from the language of the will. *Allemand v. Weaver*, 208 Neb. 618, 305 N.W.2d 7 (1981); *Katt v. Claussen*, 174 Neb. 603, 118 N.W.2d 1002 (1963).

" 'It is not the province of the courts by construction to supply omissions or to write residuary clauses for testators who neglect to do so.' " *Allemand v. Weaver, supra* at 621, 305 N.W.2d at 9.

We have also said:

> Where there is a doubt as to the distribution of property under a will, the heirs at law will be favored, and, so far as consistent with the terms of the will, or the reasonable inferences to be drawn therefrom, the law of descent will be followed as presumptively in accord with the intention of the testator.

*Hunter v. Miller*, 109 Neb. 219, 222-23, 190 N.W. 583, 585

(1922).

The presumption that one making a will intended to fully dispose of his or her estate by that document does not overcome the rule requiring an express provision or necessary implication to disinherit one's heirs. *Lowry v. Murren*, 195 Neb. 42, 236 N.W.2d 627 (1975).

There is nothing in the will which indicates an intent by Theresa Corrigan to disinherit her heirs.

Since Theresa Corrigan survived her husband for more than 30 days, she became, under paragraph FIRST of the will, the owner of all of the Corrigans' estate "to have and to hold absolutely and forever." The conditions set forth in the remainder of the will for divesting her of that estate never came into play. Having made no other will, she died intestate, and the distribution of her estate is to be made in accordance with the law concerning such cases.

REVERSED AND REMANDED WITH DIRECTIONS.