NESBITT, Judge.
While the will of testator is to be construed as an entirety and all provisions therein are to be rendered consistent with each other, it not infrequently happens that the general intent of testator as deduced from the consideration of the will as a whole is at variance with a particular direction of some clause. This conflict of intention usually arises where the testator has not carefully thought out the application of the provisions of his will to all possible states of fact and has not, therefore, foreseen the actual contingency. In such a case, the court while avoiding making a will for a man who did not succeed in making one for himself will nevertheless, if the general intention of the testator is clear, give effect to such intention, disregarding the particular intent of the particular clause, (citations omitted). 4 W. Bowe & D. Parker, Page On The Law of Wills § 30.11 (1961).
The preceding quote, in a general and abbreviated fashion, explains both the facts of this case and the general rule which *572 results in our reversal of an order construing the will of Daniel J. Francioni in a manner favorable to Margaret Francioni, his second wife.
In 1977 the decedent executed his last will and testament. In Article II he left his residence to his second wife, Margaret. He disposed of the residue of his estate, in Articles III and IV, as follows:
Article III[.] I hereby give and devise to my beloved wife, MARGARET M. FRANCIONI, thirty (30) per cent of all of the rest, residue and remainder of my estate. To be included in the said 30 per cent are all of my stockholdings and interest in my funeral home located in As-bury Park, New Jersey.
[[Image here]]
Article IV. Outside of said thirty per cent that I gave to my beloved wife, MARGARET M. FRANCIONI, I hereby give and devise all the rest, residue and remainder of my estate to my said three belove[d] daughters, HILDA DELANEY, BETTY RUTH WEST AND LORRAINE R. THOMASON, or their respective surviving natural children per stirpes.
It became apparent after Daniel’s death that the value of the stock in the funeral home substantially exceeded 30% of the value of the entire residuary estate. Consequently, the question arose whether Margaret was to receive, under Article III, all of the stockholdings in the funeral home (which would constitute more than 30% of the residuary estate), or that portion of the stockholdings which amounted to 30% of the residuary estate. The decedent’s daughters, West, Thomason and Delaney, seeking resolution of the ambiguity, petitioned the probate court for construction of the will. After hearing, the lower court found that Margaret “[was] entitled to receive a specific bequest of all stockholdings and interest of Daniel J. Francioni in the funeral home located in Asbury Park, New Jersey.” It is that order which the daughters have appealed.
In the construction of wills the polestar is to determine the intent of the testator. O’Neill v. Sacher, 451 So.2d 1032 (Fla. 3d DCA 1984); Hulsh v. Hulsh, 431 So.2d 658 (Fla. 3d DCA), review denied, 440 So.2d 352 (Fla.1983). When there is an inconsistency between an isolated clause in a will and the general testamentary scheme, the overall general intent should prevail. Meszaros v. Holsberry, 84 So.2d 565 (Fla.1956); O’Neill; Hulsh.
The Second District Court of Appeal confronted a problem similar to this one in In re Estate of Rogers, 180 So.2d 167 (Fla. 2d DCA 1965). In that case, the decedent bequeathed a diamond wristwatch, a diamond ring and some stock to his daughter. He then bequeathed 50% of his residuary estate to his wife, indicating that the specific bequests to his daughter should be included in the gross residuary estate for purposes of determining the wife’s share. The daughter was to receive the remaining 50% of the residue. It turned out that the specific bequests to the daughter comprised more than 90% of the value of the estate. On a petition for construction of the will, the lower court found that the specific bequests took priority over the residuary clause. The appellate court reversed, refusing to allow the specific bequests to defeat the testator’s general testamentary intent.
Cases from other jurisdictions have reached the same conclusion on similar facts. See Angel v. Angel, 280 Ark. 21, 655 S.W.2d 373 (1983) (refusing to adopt a literal interpretation of an isolated paragraph in the will where that construction would give the testator’s second wife the entire estate and make ineffective a bequest to his children contained in the succeeding paragraph); Clay v. Benton, 248 Ark. 691, 453 S.W.2d 405 (1970) (where seventeen nieces and nephews were to share equally in the residuary estate, but six of them were to receive specific stock as part of their residuary share, the general intent of the testator that they share equally would not be defeated by the fact that the stock comprised more than 50% of the residuary estate); Fiduciary Trust Co. v. Grasselli, 445 A.2d 927 (Del.1982) (refusing to adopt a construction of a will and *573 codicil which would defeat the testator’s intended testamentary scheme with regard to the beneficiaries’ shares of a residuary trust); Reynolds v. Russell, 433 A.2d 699 (Del.Ch.1981) (refusing to defeat a residuary bequest of 50% of the estate to a daughter and two stepsons by reading a change in federal law into a marital deduction provision and thereby increasing the wife’s share beyond 50%); In re Estate of Florey, 212 Neb. 665, 325 N.W.2d 643 (1982) (refusing to adopt a will construction which would allow an ambiguous and erroneous provision regarding the laws of descent and inheritance to defeat the testator’s clearly expressed intent that his wife receive ¼ of his estate and his brother the remainder).
A reading of Articles III and IV clearly establishes that Daniel intended to benefit Margaret, his second wife, with 30% of his residuary estate and his children with the remaining 70%. Evidently, he assumed that the stock in the funeral home would comprise less than 30% of the residuary estate. The fact that he was mistaken should not be allowed to defeat his general testamentary scheme to the disadvantage of his children whom he obviously intended to benefit with a substantial portion of his estate. The probate court erred in allowing the particular intent expressed in an isolated sentence to defeat, by virtue of a factual circumstance unforeseen by the testator, the overall testamentary scheme which is evident from a reading of the entire will. Accordingly, the order under review is
Reversed.[1]

. Since the stock has been sold, Margaret is entitled to that portion of the proceeds of the sale which constitute 30% of the residuary estate.